**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 15 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AFTAB KHAN AHMED, aka
"Bobby,"

Defendant - Appellant.

No. 04-5000
(D. Ct. No. 03-CR-23-EA)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Aftab Khan Ahmed pleaded guilty to selling pseudoephedrine, a substance used to manufacture methamphetamine, in violation

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of 21 U.S.C. § 814(c)(2).  On December 12, 2003, the District Court imposed a two-level sentencing enhancement for possessing a firearm during a drug trafficking offense under U.S. Sentencing Guidelines § 2D1.1(b)(1) (2003) ("U.S.S.G."), which resulted in a 135-month sentence.  Mr. Ahmed timely appeals the imposition of this enhancement.  We take jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and AFFIRM.[1]

## I.  BACKGROUND

Suspecting the sale of pseudoephedrine from the Walk In Food Stop convenience store in Tulsa, Oklahoma, local police began an investigation in the early fall of 2001.  Mr. Ahmed was the owner of the store.  The police's suspicion was piqued in late October and early November when Mr. Ahmed reported two robberies of pseudoephedrine from his store, totaling over 138,000 tablets.  At this point, the Tulsa police employed a confidential informant.

On December 29, 2001, the confidential informant met with Mr. Ahmed in the convenience store.  At this meeting they discussed numerous illegal activities, including the sale of narcotics.  Nevertheless, during this meeting Mr. Ahmed did not sell pseudoephedrine to the confidential informant.  At one point in their conversation, Mr. Ahmed pointed a nine-millimeter pistol, which he kept in a

---

[1]Because Mr. Ahmed does not assert that the District Court's mandatory application of the Guidelines constitutes an error, we need not consider whether *United States v. Booker*, — S.Ct.—, 2005 WL 50108 (2005) affects his sentence.

drawer underneath the safe, at the confidential informant and questioned whether he could be trusted.

On January 8, 2002, an undercover police officer met with Mr. Ahmed at the convenience store. During this meeting, the officer purchased pseudoephedrine. In the following week, the undercover officer met with Mr. Ahmed two more times and purchased more pseudoephedrine. Mr. Ahmed did not brandish the pistol during these meetings. On January 17, a search warrant was served at the convenience store. The Tulsa police recovered pseudoephedrine, business records, and the nine-millimeter pistol.

Mr. Ahmed pleaded guilty to violating 21 U.S.C. § 814(c)(2) on July 14, 2003. The Presentence Report recommended a two-level enhancement for possessing a firearm in furtherance of a drug crime. *See* U.S.S.G. § 2D1.1(b)(1). Mr. Ahmed objected. He claimed that there was no evidence establishing that he possessed the pistol at the time the pseudoephedrine sales were made. Mr. Ahmed also claimed that he kept the gun for his personal protection while working at the convenience store, not as an aid to his drug trafficking. The District Court rejected this objection and applied the enhancement.

## II. DISCUSSION

Mr. Ahmed argues that the District Court's factual findings are incorrect. The parties agree that our review is limited to clear error. *United States v. Vaziri*,

164 F.3d 556, 568 (10th Cir. 1999) ("We review factual findings under USSG § 2D1.1(b)(1) for clear error."). On clear error review, we may reverse "only if the district court's finding was without factual support in the record or we are left with the definite and firm conviction that a mistake has been made." *United States v. Cernobyl*, 255 F.3d 1215, 1221 (10th Cir. 2001) (internal quotation marks omitted).

The Sentencing Guidelines provide for an offense level enhancement of two points "[i]f a dangerous weapon (including a firearm) was possessed" during a drug trafficking crime. U.S.S.G. § 2D1.1(b)(1). The comments further elaborate the rule and provide an exception: "The [enhancement for weapon possession] should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, Application Note 3. The government bears the initial burden of proving possession of the weapon by a preponderance of the evidence. *See Vaziri*, 164 F.3d at 568. Once possession is shown, the enhancement is appropriate unless the defendant proves the exception, *i.e.*, that it is clearly improbable the weapon was connected with the offense. *See Vaziri*, 164 F.3d at 568.

Here, Mr. Ahmed contests both requirements. Although he does not contest possession of the pistol before the sales of pseudoephedrine to the undercover officer or after the sales, Mr. Ahmed contends that there is no evidence on the

record that he possessed the pistol during the sales. Second, Mr. Ahmed argues that, because he is a convenience store owner in constant need of protection, it is clearly improbable that the pistol was connected with the drug trafficking offense. We disagree.

Possession may be proved by showing mere proximity of the weapon to the location of the criminal offense. *See id.*; *United States v. Flores*, 149 F.3d 1272, 1280 (10th Cir. 1998); *United States v. Roederer*, 11 F.3d 973, 982–83 (10th Cir. 1993); *United States v. Roberts*, 980 F.2d 645, 647 (10th Cir. 1992). Further, the District Court is permitted to draw reasonable inferences from the facts on the record in order to determine whether to apply a provision of the Sentencing Guidelines. *See United States v. Aptt*, 354 F.3d 1269, 1279 (10th Cir. 2004) (in applying the U.S.S.G., a district court may make reasonable inferences from facts supported by the record); *United States v. Bruce*, 78 F.3d 1506, 1510 (10th Cir. 1996) (same); *United States v. Morgan*, 936 F.2d 1561, 1574 (10th Cir. 1991) (same).

The record establishes that Mr. Ahmed had the pistol behind the counter of his convenience store on December 29, 2001. The pistol was found in that location on January 17, 2002. Given this evidence, the District Court could reasonably infer that the gun was behind the counter during the January sales of pseudoephedrine to the undercover officer. Because the pseudoephedrine sales

took place in the convenience store, we hold that the pistol was proximate to the offense, and therefore Mr. Ahmed possessed a gun during the commission of the offense.

Next, Mr. Ahmed contends that there is no evidence to support the District Court's conclusion that it is not "clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, Application Note 3. Mr. Ahmed argues that he retained the pistol merely for self-defense in relation to his legitimate work at the convenience store. First, we note that it is the defendant's burden to satisfy this exception. *Vaziri*, 164 F.3d at 568. Thus, the alleged lack of evidence would not constitute sentencing error. Moreover, there is evidence that Mr. Ahmed used the pistol for activities other than preventing robberies and the like. For instance, Mr. Ahmed pointed the pistol at the confidential informant during their conversation and inquired if he could trust him. Given this demonstrated willingness to use the pistol in this manner, we cannot hold that the District Court clearly erred in applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(1).

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Chief Circuit Judge