**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

AFTAB KHAN AHMED,

    Defendant-Appellant.

No. 07-5155

(D.C. Nos. CR-03-023-E and
CV-06-298-E)
(N. D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

Aftan Khan Ahmed, a federal prisoner appearing pro se, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Because Ahmed has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

I.

Ahmed, the former owner/operator of a convenience store in Tulsa, Oklahoma, became the subject of an investigation by local police after he

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

reported two robberies of pseudoephedrine from his store, totaling over 138,000 tablets. During the course of the investigation, an undercover police officer purchased numerous bottles of pseudoephedrine tablets from Ahmed. Ahmed was subsequently charged with, and pled guilty to, distributing pseudoephedrine tablets with knowledge that the tablets would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). Ahmed was sentenced to 135 months' imprisonment. Ahmed filed a direct appeal challenging the district court's calculation of his sentence. This court affirmed the judgment of the district court. United States v. Ahmed, 140 Fed. Appx. 1 (10th Cir. 2005).

On June 8, 2006, Ahmed filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 arguing, in pertinent part, that his trial counsel was ineffective for failing to request an interpreter in order to ensure that Ahmed fully understood the nature of the charge he was pleading guilty to. More specifically, Ahmed argued that he was not aware that the term "crank," which was used by a confidential informant during a conversation with Ahmed, was slang for methamphetamine. The district court rejected that claim, noting that at no time during the change of plea hearing "did [Ahmed] notify the Court that he was having any difficulty understanding the proceedings or that he needed an interpreter." ROA, Doc. 65 at 17. In other words, the district court noted, Ahmed's "interactions with the Court during the change of plea and sentencing hearing did not suggest that [he] had any problems understanding the

2

proceedings." Id.

Ahmed has since filed a notice of appeal and an application for COA with this court.

## II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a federal prisoner may appeal from the denial of a § 2255 motion only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2553(c)(2). In order to make such a showing, a federal prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

Nothing in the record on appeal persuades us that the Slack standard has been satisfied. Not only does Ahmed fail to point us to any evidence that would support his claimed inability to understand the charge against him, he makes no attempt to refute the district court's description of his conduct during the change of plea and sentencing hearings. Thus, we are not persuaded that Ahmed can establish either that his trial counsel's failure to obtain an interpreter fell below an objective standard of reasonableness, or that Ahmed was prejudiced by that

3

failure.  <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 692 (1984) (outlining requirements for establishing ineffective assistance of counsel).

The application for COA is DENIED and the matter is DISMISSED. Ahmed's motion for leave to proceed on appeal in forma pauperis is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge