TACHA, Chief Circuit Judge.
Defendant-Appellant Gerald Yazzie appeals his conviction and sentence for sexually assaulting a person under the age of twelve. He contends that the District Court erred in denying his motion to withdraw his guilty plea and that he should be resentenced in light of United States v. Booker, 543 U.S. -, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We hold that the District Court did not abuse its discretion in denying the withdrawal of the guilty plea. We also hold, under plain-error review, *1142 that -the District Court’s mandatory application of the U.S. Sentencing Guidelines pursuant to 18 U.S.C. § 3553(b)(2), while erroneous, is not reversible.. Therefore, we take jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1) and AFFIRM.
I. BACKGROUND
Mr. Yazzie ordered .his.. live-in girlfriend’s daughter, who is an Indian juvenile under the age of twelve, to perform fellatio on him. On November 13, 2002, a grand jury in New Mexico charged Mr. Yazzie with a single count of sexually assaulting an Indian juvenile who was less than twelve years old in violation of 18 U.S,C. §.2241(c).and 18 U.S.C. § 1153(a). Mr. Yazzie later pleaded guilty to the charge.
Before he was charged and pleaded guilty, however, Mr. Yazzie confessed to the FBI. As explained in more detail below, Mr. Yazzie later recanted his admissions of guilt and moved to withdraw his plea. The District Court denied this motion.
At sentencing, the court concluded that Mr. Yazzie had “custody, care, or supervisory control” over the victim and applied a two-level enhancement ■ under United States Sentencing Guidelines § 2A3.1(b)(3)(A) (2003) (“U.S.S.G.” or “Guidelines”). Mr. Yazzie maintained that the girl was not in his custody at the time of this offense because she spent her afternoons — ineluding the afternoon when this offense occurred — at his sister’s house, under her supervision. Nonetheless, Mr. Yazzie also stated that he lived with the victim and her mother, that the victim called him her stepfather, and that he had disciplinary authority over her. The District Court concluded, based on these admissions, that the victim was in Mr. Yazzie’s “custody, care, or supervisory control” within the meaning of U.S.S.G. § 2A3.1(b)(3)(A).
The two-level enhancement increased Mr. Yazzie’s offense level from 31 to 33, and his criminal history placed him in Criminal History Category I. This combination yielded a sentencing range of 135 to 168 months’ incarceration. See U.S.S.G. Ch.5, Pt.A. Under the non-enhanced range, Mr. Yazzie could have been sentenced to 108 to 135 months. The District Court sentenced him to 135 months — a sentence that falls within both ranges. Mr. Yazzie timely appealed.
II. WITHDRAWAL OF THE PLEA
We initially address Mr. Yazzie’s claim that the District Court erred in denying him leave to withdraw his guilty plea. When a defendant moves to withdraw a guilty plea prior to sentencing, the court must assess whether there is a “fair and just reason for withdrawal” in light of the following factors:
(1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.
United States v. Sandoval, 390 F.3d 1294, 1298 (10th Cir.2004) (quotation marks omitted). “We review the district court’s denial of a motion to withdraw a guilty plea for an abuse of discretion.” United States v. Jones, 168 F.3d 1217, 1219 (10th Cir.1999).
Mr. Yazzie attempted to withdraw his plea at a hearing on December 3, 2004. *1143 While testifying at that hearing, Mr. Yaz-zie recanted his confessions to the FBI. Mr. Yazzie had originally confessed to instructing the victim to perform fellatio, but during the hearing he disavowed the portion of his written confession indicating that he had used physical force to persuade the victim to do so. He claimed that he never made such a statement during his interview with the FBI, but that he nevertheless included this detail in his written statement when an FBI agent told him to.
Later during the same hearing, however, Mr. Yazzie testified that he drank heavily on the day of the offense and that he had no recollection whatsoever about what occurred between him and the victim. Then, a moment after giving that testimony, Mr. Yazzie effectively denied his guilt altogether, maintaining that he never told the victim to perform any sexual act on him. Mr. Yazzie then explained that he gave his confession to the FBI, .and subsequently pleaded guilty, because the FBI agents and defense counsel persuaded him that nobody would believe, his claims of innocence. This. assertion prompted defense counsel, Mr. Finzel, to ask the court to appoint a new lawyer for Mr. Yazzie and allow Mr. Yazzie to withdraw his plea.
The District Court granted Mr. Finzel’s first request and appointed substitute counsel for Mr. Yazzie, and the new attorney filed a motion to withdraw Mr. Yaz-zie’s plea. After a hearing, the court made the following findings with respect to the factors listed above:
(1) assertion of - innocence — The court discussed at some length the inconsistencies among Mr. Yazzie’s statements but did not expressly evaluate the credibility of any of these statements.
(2) prejudice to the government — The court found a potential for significant prejudice to the government because it would be difficult for the victim to testify so long after the offense occurred.
(3) delay — The court said it was “troubled]” by “how late in the proceedings this matter has been asserted.”
(4) inconvenience to the court — The court attached little weight to this factor.
(5) close assistance of counsel — The court said, “I have seen Mr. Finzel’s assistance that he has provided to his clients, and have heard what he has done in this case, and the thorough way in which he communicated to the defendant what the pros and cons were of accepting a plea agreement, or going to trial.”
(6) voluntariness of the plea — The court concluded that Mr. Yazzie’s choice to enter a guilty plea was “a knowing and a voluntary decision.”
(7) waste of judicial resources — The court attached little weight to this factor.
Based on these findings, the court denied Mr. Yazzie’s motion to withdraw his plea.
Before this Court, Mr. Yazzie challenges all of the District Court’s findings. His primary challenge, however, is to the voluntariness of his initial confession and guilty plea. Mr. Yazzie claims that he was coerced into pleading guilty because the FBI secured an unlawful-confession from him and then Mr. Finzel told him that no jury would accept his protestations of innocence. Upon reviewing the record, we conclude that the evidence does not support this claim of coercion. Mr. Finzel testified at the plea withdrawal hearing— without contradiction — that he and Mr. Yazzie thoroughly reviewed Mr. Yazzie’s options, including the possibility of attempting to have Mr. Yazzie’s confession *1144 suppressed. Moreover, Mr. Yazzie has never denied that he understood these options at the time he entered his plea. Under these circumstances, and in light of Mr. Yazzie’s declaration under oath that he was entering his plea voluntarily because he was actually guilty, we hold that the District Court did not abuse its discretion in denying Mr. Yazzie’s motion to withdraw his plea. See Jones, 168 F.3d at 1220.
III. SENTENCING ERROR
Mr. Yazzie also contends that the District Court committed plain error under Booker by enhancing his sentence based upon judicial fact-finding. The finding in question — that Mr. Yazzie had care and custody over the victim — resulted in a two-level increase in Mr. Yazzie’s offense level. See U.S.S.G. § 2A3.1(b)(3)(A). Although Mr. Yazzie did object on sufficiency of the evidence grounds below, this objection to the District Court’s enhancement does not sufficiently preserve his claimed Booker errors. United States v. Duncan, 400 F.3d 1297, 1301 (11th Cir.2005) (holding that raising sufficiency of the evidence as to a Guidelines enhancement does not preserve Booker error).[1] As a result, his appellate claim must be reviewed for plain error. United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir.2005) (en banc). “Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.” United States v. Burbage, 365 F.3d 1174, 1180 (10th Cir.) (quotation omitted), cert. denied, — U.S. -, 125. S.Ct, 510, 160 L.Ed.2d 381 (2004). We consider each prong of plain error in turn.
A. Error
As we recently explained in Gonzalez-Huerta, Booker created two categories of error. The first is constitutional error, which occurs when the district court applies the Guidelines in a mandatory fashion, makes factual findings (other than the fact of prior convictions), and imposes a sentence above the maximum that would apply in the absence of such findings. Gonzalez-Huerta, 403 F.3d at 731. Mr. Yazzie contends that, in light of Booker, it was constitutional error for the District Court to apply a higher Guidelines range based on.the judge-found fact that he had custody and care over the victim pursuant to U.S.S.G. § 2A3.1(b)(3)(A).[2] We disagree.
 Booker made clear that it is the actual sentence, not the sentencing range, that must not be increased based upon judge-found facts in order to violate the Sixth Amendment: “Accordingly, we reaffirm our holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.” Booker, 125 S.Ct. at 756 (emphasis added). In this case, if the U.S.S.G. § 2A3.1(b)(3) enhancement had been omitted from the court’s Guidelines computations, causing a reduction in Mr. Yazzie’s offense level from 33 to 31, the applicable *1145 sentencing range would have been 108 to 135 months.[3] See U.S.S.G. Ch.5, Pt.A. Mr. Yazzie received a 135-month sentence — a sentence that the District Court could impose without making a § 2A3.1(b)(3)(A) enhancement. Therefore, constitutional error was not committed in this case. See United States v. Payton, 405 F.3d 1168, 1169 (10th Cir.2005) (holding in a Booker challenge that “[t]here was no constitutional error in sentencing [defendant] .... [, because t]he district court’s finding that she possessed firearms did not increase her sentence beyond the maximum authorized by her plea.... The judicially found facts[, therefore,] had no constitutionally significant impact on [defendant’s] sentence.”); United States v. O’Flanagan, 339 F.3d 1229, 1232 n. 2 (10th Cir.2003) (holding that the defendant could not raise a claim under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)—which was an antecedent to Booker — because his sentence did not exceed the relevant statutory maximum).
The second type of Booker error,, non-constitutional Booker error, occurs whenever the district court treats the Guidelines as mandatory rather than advisory in determining the defendant’s sentence even though the “calculat[ion based] solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction” would support such a sentence. Gonzalez-Huerta, 403 F.3d at 732. The Supreme Court rendered the Guidelines advisory by excising 18 U.S.C. § 3553(b)(1) from the Sentencing Reform Act of 1984. Booker, 125 S.Ct. at 764. Here, because Mr. Yazzie was convicted of a sexual crime against an Indian minor 18 U.S.C. § 3553(b)(2), not § 3553(b)(1), is the governing sentencing statute.[4] The Booker Court, however, did not determine whether § 3553(b)(2) must be excised in order to remedy the Guidelines’ underlying Sixth Amendment violations. Applying Booker’s reasoning, we hold that it must be excised as well.
Section 3553(b)(2) contains the same “shall impose” language that made application of the Guidelines mandatory under § 3553(b)(1).[5] Because of this textual similarity, sentencing under § 3553(b)(2) raises the same Sixth Amendment concerns that the Supreme Court remedied by striking § 3553(b)(1). See Booker, 125 S.Ct. at 764. Accordingly, we conclude that Booker also requires excising § 3553(b)(2). See United States v. Sharpley, 399 F.3d 123, 127 n. 3 (2d Cir.2005) (stating, in dicta, that “we suspect that the Supreme Court’s failure to excise the en *1146 tirety of Section 3553(b) was simply an oversight.”)-[6] Therefore, we hold that treating the Guidelines as mandatory — regardless of whether the defendant is sentenced under § 3553(b)(1) or § 3553(b)(2) — is error.
B. Plain
Having found error, we must now determine whether the error is plain. As we explained in Gonzalez-Huerta, “an error is ‘plain’ if it is clear or obvious at the time of the appeal, and Booker renders the error here both clear and obvious on appeal.” 403 F.3d at 732 (internal citation omitted). For the same reasons, we hold that the error in this case is “plain” as well.
C. Fairness and, Integrity of Judicial Proceedings
Next we turn our attention- to the third and fourth prongs of plain-error review. Under the third prong of plain-error review, Mr. Yazzie has “the burden to convince this Court, based on the record on appeal, that the error affected his substantial rights.” Id. at 733. Nevertheless, we need not conduct this third-prong analysis here because eyen assuming Mr. Yazzie established that his substantial rights were affected, we hold that Mr. Yazzie does not satisfy the fourth prong of plain-error review (i.e., that failure to correct this forfeited error would seriously affect the fairness, integrity, or public reputation of judicial proceedings). See id. at 736 (declining to conduct a substantial-rights analysis because defendant could not satisfy the fourth prong of plain-error review). As we stated in Gonzalez-Huerta, “we will not notice a non-constitutional error, such as the one in the case before us, unless it is both particularly egregious and our-failure to notice the error would result in a miscarriage of justice.” 403 F.3d at 736 (quotation marks omitted). Mr. Yazzie bears the burden of demonstrating that the error in this case satisfies this demanding standard. Id. We hold that he has not met this burden.
The only argument forwarded by Mr. Yazzie is a citation to United States v. Hughes, 396 F.3d 374, 381 (4th Cir.2005). We previously rejected this same argument as insufficient in Gonzalez-Huerta, noting that “[p]roviding this quotation is a far cry from establishing that a miscarriage of justice would occur if we do not remand.” 403 F.3d at 737. We also noted that, on panel re-hearing, the Fourth Circuit issued a new fourth-prong analysis, which relies on the fact that “ ‘Hughes was sentenced to a term of imprisonment nearly four times as long as the maximum sentence authorized by the jury verdict.’ ” Id. at 737 n. 8 (quoting United States v. Hughes, 401 F.3d 540, 555 (4th Cir.2005)). The Fourth Circuit’s updated analysis is inapplicable here. We conclude, therefore, that Mr. Yazzie does not meet his fourth-prong burden.
Moreover, reviewing the record independently, we find no support for Mr. Yazzie’s contention that the fourth prong is satisfied. When faced with non-constitutional Booker error, we held in Gonzalez-Huerta that the “fourth prong of plain-error review [is] only [met] in those rare cases in which core notions of justice are offended.” *1147 Id. at 739. We recently decided one of these “rare cases,” in which we held that the fourth prong was met when the defendant “presents a compelling case that objective consideration of the § 3553(a) factors warrants a departure, and perhaps a significant departure, from the sentence suggested by the Guidelines.” United States v. Trujillo-Terrazas, 405 F.3d 814, 816 (10th Cir.2005).
Affirming Mr. Yazzie’s sentence does not offend core notions of justice. Because the District Court has already considered and rejected many of the § 3553(a) factors, we are not presented with a case like Trujillo-Terrazas in which consideration of these factors warrants a significant departure from the sentence imposed. See R. Yol. 7 at 37-38. We therefore hold that Mr. Yazzie fails to satisfy the fourth prong of plain error because he has not met his burden to demonstrate that allowing his sentence to stand is either particularly egregious or otherwise constitutes a miscarriage of justice such that the fairness, integrity, or public reputation of judicial proceedings would be undermined.
IV. CONCLUSION
We hold that the District Court did not abuse its discretion in denying Mr. Yaz-zie’s motion to withdraw his plea. We also hold that Mr. Yazzie’s non-constitutional Booker challenge does not satisfy plain-error review. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

. Our holding here does not disturb our previous ruling that objecting to an enhancement on Sixth Amendment grounds sufficiently preserves non-constitutional Booker error. See United States v. Labastida-Segura, 396 F.3d 1140, 1142-43 (10th Cir.2005).

. The Government agrees with Mr. Yazzie that we face a constitutional error here. Nonetheless, we are not bound by a parties' stipulations regarding an error of law. Koch v. United States Dept. of Interior, 47 F.3d 1015, 1018 (10th Cir.1995).

. The offense level of 31 derived from a base offense level of 27 for sexual abuse, enhanced by four levels because the victim was less than twelve years old at the time of the offense. See U.S.S.G. § 2A3.1(a), (b)(2)(A). The facts necessary to support the base offense level and the § 2A3.1(b)(2)(A) enhancement were charged in the indictment and admitted as part of Mr. Yazzie's guilty plea.

. Section 3553(b)(2), rather than § 3553(b)(1), applies to offenses under chapters 109A. Mr. Yazzie pleaded guilty to violating 18 U.S.C. § 2241(c), which is an offense under chapter 109A.

. Compare 18 U.S.C. § 3553(b)(2) (“In sentencing a defendant convicted of an offense under section 1201 involving a minor victim, ... the court shall, impose a sentence of the kind, and within the range, referred to in [the guidelines] unless enumerated mitigating circumstances exist.”) (emphasis added); with 18 U.S.C. § 3553(b)(1) ("[T]he court shall impose a sentence of the kind, and within the range, referred to in [the guidelines] unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.”) (emphasis added).

. Mr. Yazzie’s offense occurred before § 3553(b)(2) was enacted. Because we hold that the Court's reasoning in Booker excises the mandatory application of § 3553(b)(2), we need not address any ex post facto concerns here. Moreover, the record is not clear whether the District Court applied § 3553(b)(1), the applicable sentencing statute prior to the enactment of § 3553(b)(2), rather than § 3553(b)(2). In any event, we need not determine which provision the court applied, because we hold that the mandatory application of either sub-section is error.