UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

ANDREW JAY JORDAN,

     Defendant-Appellant.

No. 04-8064
(D.C. No. 03-CR-00110-01D)
(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

Andrew Jay Jordan appeals his sentence for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He argues that the sentencing court violated his Sixth Amendment rights by relying on judge-found facts when enhancing his sentencing level by two levels for obstruction of justice. He also argues that the court below violated the remedial holding in United States v. Booker, 125 S. Ct. 738 (2005), by applying

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the Sentencing Guidelines in a mandatory fashion. Finally, he claims that the district court committed clear error in finding that the enhancement was appropriate. Because the actual sentence imposed was within the range to which the defendant would have been subject absent the enhancement, the district court did not commit constitutional Booker error. United States v. Yazzie, 407 F.3d 1139, 1144 (10th Cir. 2005). As such, the district court did not violate Jordan's Sixth Amendment rights. Any non-constitutional Booker error plaguing Jordan's sentence did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. The district court did not commit clear error when applying the obstruction of justice enhancement. We **AFFIRM** Jordan's sentence.

Jordan and his girlfriend sold a car to a man named David Martin in exchange for a truck, a nine-millimeter pistol, a holster, and a box of ammunition. Several days later, they sold the pistol to Ryan O'Daniels. It is undisputed that Jordan physically possessed both the pistol and the ammunition.

Five days after this sale, Jordan filed a complaint with the Sheridan County, Wyoming police department, claiming that O'Daniels failed to pay him in full for the gun. After his trip to the police station, Jordan went back to O'Daniels and reacquired the pistol. Having conducted a background check, the police discovered that Jordan was a twice-convicted felon and charged him with being a felon in possession of a firearm and being a felon in possession of ammunition.

2

Jordan pleaded guilty to both counts.

At the sentencing hearing, Martin testified that Jordan had come to talk to him several weeks after the sale of the gun. During this conversation, Jordan asked Martin to say that Jordan's girlfriend had purchased the gun on her own and that Jordan himself had never possessed the weapon. Jordan's testimony did not dispute this factual allegation. A psychologist testified on behalf of Jordan, stating that Jordan may not have been able to understand the meaning of the word "possession" due to a "borderline" verbal IQ.

Jordan faced a base sentencing level of 20 with a recommended two-level reduction for acceptance of responsibility and a two-level enhancement for obstruction of justice stemming from Jordan's attempted manipulation of Martin. The district court considered the testimonial evidence and concluded that the adjustment for obstruction of justice was appropriate. The district court also concluded that the two-level reduction for acceptance of responsibility was appropriate. The result was a sentencing level of 20 with a criminal history category IV. The district court sentenced him at the bottom of the range to 51 months in prison and three years of supervised release.

On appeal, Jordan argues that the district court violated his Sixth Amendment rights by using judicially-found facts to enhance his sentence and that it violated the remedial holding of Booker.

These claims fail.  A court may commit two types of <u>Booker</u> errors: constitutional <u>Booker</u> error and non-constitutional <u>Booker</u> error.  <u>United States v. Gonzalez-Huerta</u>, 403 F.3d 727, 731 (10th Cir. 2005).   Constitutional <u>Booker</u> error occurs when a court errs "by relying upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily."  <u>Id.</u>  Non-constitutional <u>Booker</u> error occurs when a court applies "the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction."  <u>Id.</u> at 732.

In this case, the district court clearly engaged in fact-finding to enhance Jordan's sentence for obstruction of justice.  The district court considered the testimony of three witnesses and found by a preponderance of the evidence that the adjustment was appropriate.  However, the sentence the district court meted out was 51 months.  Had the district court not imposed the obstruction of justice enhancement, Jordan would have been sentenced at Level 18 with a range of 41-51 months.  The actual sentence was, therefore, within the range that corresponds to the defendant's guideline offense level absent the enhancement.

We have ruled that there is no constitutional <u>Booker</u> error unless the actual sentence was enhanced by judicial fact-finding.  <u>Yazzie</u>, 407 F.3d at 1144.

4

"Booker made clear that it is the actual sentence, not the sentencing range, that must not be increased based upon judge-found facts in order to violate the Sixth Amendment." Id. Thus, the court below did not commit constitutional Booker error.

The district court's mandatory application of the Guidelines does, however, constitute non-constitutional Booker error. Gonzalez-Huerta, 403 F.3d at 732. This error was not raised below, and, as such, it will be subject only to plain-error review under the four-part test articulated in United States v. Olano, 507 U.S. 725 (1993). This test asks (1) is there error; (2) is the error plain; (3) does it affect substantial rights; and (4) does it seriously affect the fairness, integrity, or public reputation of judicial proceedings. Gonzalez-Huerta, 403 F.3d at 732.

Jordan cannot meet the fourth prong of this test because he cannot show that the non-constitutional Booker error in this case seriously affects the fairness, integrity, or public reputation of judicial proceedings. "[W]e will not notice a non-constitutional error . . . unless it is both 'particularly egregious' and our failure to notice the error would result in a 'miscarriage of justice.'" Gonzalez-Huerta, 403 F.3d at 736 (quoting United States v. Gilkey, 118 F.3d 702, 704 (10th Cir. 1997)). Factors that might satisfy this prong include evidence that a sentence was increased "substantially because of a Booker error," a likelihood that the district court would impose a "significantly lighter sentence on remand," a lack of

5

evidence supporting the sentence required by the Guidelines or "a showing that consideration of the 18 U.S.C. § 3553(a) factors warrants a departure from the sentence suggested by the Guidelines." United States v. Thomas, 410 F. 3d 1235, 1249 (10th Cir. 2005). None of these factors are present here, nor is there anything else in the record that suggests that the non-constitutional Booker error in this case is particularly egregious. To the contrary, the record demonstrates that the district court would impose the same sentence if the case were remanded.

Finally, Jordan claims the district court committed clear error by finding obstruction of justice. Such factual findings are reversed only if "the district court's finding was without factual support in the record or we are left with the definite and firm conviction that a mistake has been made." United States v. Cernobyl, 255 F.3d 1215, 1221 (10th Cir. 2001) (internal quotation marks omitted). There is factual support in the record to support the district court's decision and there is no evidence a mistake has been made.

Accordingly, we **AFFIRM** the sentencing order entered by the district court.

ENTERED FOR THE COURT

Carlos F. Lucero

Circuit Judge

6