**F I L E D**
**December 13, 2005**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

PHONESAVANH
SENGKHAMVILAY,

     Defendant - Appellant.

No. 04-6217
(D.C. No. CR-03-00112-5-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

---

Phonesavanh Sengkhamvilay pleaded guilty to conspiracy to possess and distribute a controlled substance. The district court enhanced his offense level based on facts found by a preponderance of the evidence and sentenced him to 235 months in prison. On appeal, Mr. Sengkhamvilay contends that we must

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

remand for resentencing in light of United States v. Booker, 543 U.S. 220, 125 S.

Ct. 738 (2005). Because he does not satisfy plain-error review, we affirm Mr.

Sengkhamvilay's sentence.

## I. Background

Law enforcement officers began an undercover investigation into an

Oklahoma City "ecstasy" ring in the fall of 2001. Agents determined that Mr.

Sengkhamvilay was a leader of an organization that imported and distributed both

ecstasy pills and cocaine powder. Mr. Sengkhamvilay was eventually indicted on

18 counts, including a charge of conspiracy both to possess with intent to

distribute and to distribute in excess of 500,000 tablets of ecstasy and in excess of

five kilograms of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1) & 846.

Mr. Sengkhamvilay pleaded guilty to the conspiracy charge and the other charges

were dropped.

Mr. Sengkhamvilay objected to recommendations in his presentence report

that he receive a two-point enhancement for possession of a firearm during the

conspiracy and a four-point enhancement for being a leader/organizer of the

conspiracy. At sentencing, which was prior to the Supreme Court's decisions in

both Blakely v. Washington, 542 U.S. 296 (2004), and Booker, 543 U.S. at 220,

the district court overruled the objections and applied both enhancements based

on facts found by a preponderance of the evidence. Based on an offense level of

38 and corresponding guideline sentencing range of 235 to 293 months, the court

sentenced Mr. Sengkhamvilay to 235 months. He timely appealed.[1]

## II. Discussion

Mr. Sengkhamvilay makes a claim of "constitutional Booker error" — that

the district court violated his constitutional rights by increasing his sentence

based on facts found by a preponderance of the evidence and to which he did not

admit. See United States v. Gonzalez-Huerta, 403 F.3d 727, 731 (10th Cir.) (en

banc), cert. denied, 126 S. Ct. 495 (2005). He contends that remand for

resentencing is required to cure the error.[2]

### A. Standard of review

Mr. Sengkhamvilay claims that he preserved Booker error by objecting to

the presentence report. However, Mr. Sengkhamvilay admits that "no specific

Sixth Amendment argument was raised" below.[3] An objection to the *facts* in the

presentence report, rather than an objection based on Apprendi v. New Jersey, 530

---

[1]We previously denied the Government's motion to enforce the plea agreement and dismiss this appeal.

[2]In fact, Mr. Sengkhamvilay contends that Booker error automatically requires remand for resentencing. However, this argument is clearly foreclosed by our precedent. See, e.g., United States v. Magallanez, 408 F.3d 672, 683 (10th Cir.), cert. denied, 126 S. Ct. 468 (2005).

[3]In fact, Mr. Sengkhamvilay's objection to the firearm enhancement stated that "[t]he government has the burden to prove *by a preponderance of the evidence* that a weapon was possessed in connection with the underlying offense."

U.S. 466 (2000), the Sixth Amendment, or some other constitutional ground, is insufficient to preserve Booker error. See United States v. Yazzie, 407 F.3d 1139, 1144 (10th Cir.) (en banc) (a sufficiency of the evidence objection to a sentence enhancement does not preserve Booker error), cert. denied, 126 S. Ct. 303 (2005); United States v. Dazey, 403 F.3d 1147, 1173–74 (10th Cir. 2005). We therefore review Mr. Sengkhamvilay's claims for plain error. Dazey, 403 F.3d at 1174.

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Gonzalez-Huerta, 403 F.3d at 732 (quotation omitted). Our plain error analysis is more forgiving when reviewing a potential constitutional error. Dazey, 403 F.3d at 1174.

**B. Analysis**

The government concedes that the first two prongs of the plain error analysis are met. We need not resolve whether Mr. Sengkhamvilay can satisfy the third prong if he cannot satisfy the fourth prong by showing that "the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." Magallanez, 408 F.3d at 685. We conclude that Mr. Sengkhamvilay has not met his burden of showing such an effect.

As we have stated,

- 4 -

[e]vidence that would tend to support an exercise of our discretion under [the fourth plain-error prong] might include, for example: (a) a sentence increased substantially based on a <u>Booker</u> error; (b) a showing that the district court would likely impose a significantly lighter sentence on remand; (c) a substantial lack of evidence to support the entire sentence the Guidelines required the district court to impose; (d) a showing that objective consideration of the [18 U.S.C.] § 3553(a) factors warrants a departure from the sentence suggested by the Guidelines; or (e) other evidence peculiar to the defendant that demonstrates a complete breakdown in the sentencing process.

<u>United States v. Dowlin</u>, 408 F.3d 647, 671 (10th Cir. 2005) (citations omitted). These factors are non-exclusive and are intended only to "guide our fourth prong analysis." <u>United States v. Lauder</u>, 409 F.3d 1254, 1269 (10th Cir. 2005).

As to the first of these factors, the error arguably *did* substantially increase Mr. Sengkhamvilay's sentence: without the enhancements based on judge-found facts, the maximum sentence he could have received would have been 151 months — seven years less than his ultimate sentence. <u>See</u> U.S. Sentencing Guidelines Manual § 5A (2003). However, this factor is outweighed by other considerations and thus "is not dispositive of our holding." <u>United States v. Dalton</u>, 409 F.3d 1247, 1253 (10th Cir. 2005). Importantly, there was not a "substantial lack of evidence" to support Mr. Sengkhamvilay's sentence, including the enhancements. As to the first enhancement, there was extensive evidence that Mr. Sengkhamvilay possessed firearms during the course of the conspiracy, and he did not provide evidence to the contrary. We therefore agree with the district court that "the record is replete with instances where the evidence is sufficient for this Court to

find that the firearms were present" and that "there is absolutely no basis for the Court to conclude that it is clearly improbable that the weapons were connected with the offense." As to the enhancement for Mr. Sengkhamvilay's role in the conspiracy, the district court stated that "the record is replete with instances of this Defendant's decision-making authority in these [drug] transactions" and that "it is clear from the evidence that this Defendant was a decision maker." We agree.

Moreover, although the 235-month sentence was the low end of the Guideline range, there is no indication that the district court would impose a lighter sentence on remand. See Magallanez, 408 F.3d at 686 (finding the fourth plain-error prong not met even though the sentence was at the bottom of the range). After imposing the sentence, the court stated that it had

> considered the factors [in § 3553(a)] that it should consider in imposing a sentence and that this sentence . . . reflects the seriousness of the offense here. The Court would further find that it promotes respect for the law and *provides just punishment for the offense*. It affords adequate deterrence to future criminal conduct and it protects the public from any further crimes by this Defendant.

(emphasis added). This also shows that the district court considered the § 3553(a) factors, and our review of those factors does not indicate a flaw in the district court's analysis.

Finally, Mr. Sengkhamvilay does not suggest any "evidence peculiar to [him] that demonstrates a complete breakdown in the sentencing process."

- 6 -

Therefore, we conclude that he has not met his burden of proving the fourth prong of plain error analysis.

## III. Conclusion

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.[4]

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[4]Although Mr. Sengkhamvilay claims that it would violate the Ex Post Facto clause for the district court at resentencing to sentence him based on facts found by a preponderance of the evidence, we find no need to remand for resentencing and thus need not address this argument.