F I L E D
**United States Court of Appeals
Tenth Circuit**

**February 15, 2006**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ABBEY RENEA CHILDRESS,

    Defendant - Appellant.

No. 04-6357
(D.C. No. 03-CR-06-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

Defendant-Appellant Abbey Renea Childress appeals from the sentence imposed following her plea of guilty to one count of being an unlawful user of a controlled substance while in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3) (count 1) and one count of knowingly and intentionally using a telephone in committing or facilitating distribution of methamphetamine, in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

violation of 21 U.S.C. § 843(b) (count 2). Ms. Childress argues that the district court (1) attributed unproven drug and firearm quantities to her without explicit findings or evidence, (2) violated her Sixth Amendment rights under United States v. Booker, 543 U.S. 220, by enhancing her sentence with unproven facts, (3) committed "non-constitutional" Booker error by applying the Sentencing Guidelines ("Guidelines") in a mandatory fashion, and (4) should be directed to re-sentence her using only those facts admitted in the plea agreement. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

The parties are familiar with the facts and we need not restate many of them here. Pursuant to a plea agreement, Ms. Childress pled guilty on February 9, 2004. A presentence report (PSR) was prepared, and Ms. Childress raised no objection to the findings therein including drug and firearms quantities. The PSR determined that the offenses would be grouped, with the offense level utilized for the most serious of the counts. U.S.S.G. § 3D1.3(a). Included in the total offense level for count 1 was a three-level enhancement for an offense involving 8-12 firearms and a four-level enhancement for possession of a firearm in connection with a felony offense. Both counts produced an offense level of 40, which included a two-level enhancement for possession of a dangerous weapon. U.S.S.G. § 2D1.1(b)(1). From that, a two-level reduction for acceptance of

responsibility was deducted, resulting in a total offense level of 38. With a criminal history category of III, the guideline range was 292-365 months, but the statutory maximum for count 1 was 120 months, and 48 months for count 2. The district court sentenced Ms. Childress to the statutory maximums, and ran the sentences consecutively for a total of 168 months. Additionally, the sentence included three years supervised release on count 1, one year on count 2, the supervised release terms running concurrently.

We review legal challenges to the Sentencing Guidelines and their application de novo; factual findings by the district court are reviewed for clear error. United States v. Pentrack, 428 F.3d 986, 989 (10th Cir. 2005). The unobjected-to factual findings in the PSR provide an adequate basis for the drug and firearm quantities. See Fed. R. Crim. P. 32(i)(3)(A) (court "may accept any undisputed portion of the presentence report as a finding of fact"); United States v. Wolfe, __ F.3d __ , 2006 WL 226019 at *6-7 (10th Cir. January 31, 2006). Accordingly, we reject the contention that an insufficient factual basis exists for these amounts.

Turning to Ms. Childress's remaining challenges, we recognize two types of Booker errors: constitutional and non-constitutional. United States v. Gonzalez-Huerta, 403 F.3d 727, 731 (10th Cir. 2005). A constitutional Booker error may arise when a court "[relies] upon judge-found facts, other than those of

prior convictions, to enhance a defendant's sentence mandatorily." Id. A non-constitutional error may occur when a sentencing court "appl[ies] the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction." Id. at 731-32.

We review the remaining challenges raised by Ms. Childress for plain error given the lack of objection at the time of sentencing. Sent. Tr. at 2-3; Gonzales-Huerta, 403 F.3d at 732; United States v. Yazzie, 407 F.3d 1139, 1144 (10th Cir. 2005) (en banc) (objection on sufficiency is inadequate to preserve Booker error); see also Aplt. Br. at 7. To notice such error, we must find (1) error; (2) that is plain; (3) that affects substantial rights; and, if these elements are met, we look to whether (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. United States v. Visinaiz, 428 F.3d 1300, 1308 (10th Cir. 2005). Ms. Childress bears the burden to demonstrate that the alleged error in sentencing affected her substantial rights. Gonzalez-Huerta, 403 F.3d at 736. "[A] generalized assertion of error anchored solely to a Sixth Amendment violation or mandatory application of the Guidelines" is insufficient to prove plain error. United States v. Dowlin, 408 F.3d 647, 671-72 (10th Cir. 2005). Because judge-found facts served as the basis for the offense level, the first two

prongs of the plain error test are satisfied. United States v. Clifton, 406 F.3d 1173, 1181 (10th Cir. 2005).

We agree with the government that Ms. Childress cannot satisfy the third prong of the plain error test under her claims of constitutional and non-constitutional Booker error. Ms. Childress was sentenced in accordance with the statutory maximum, well below the guidelines range. Although Ms. Childress contends on appeal that she "could have provided direct testimony and other evidence regarding any imputation as to drug quantities and firearms alleged to have been present," Aplt. Br. at 12, that is too little to go on. The court gave her every opportunity to present mitigating evidence. Sent. Tr. at 3-4. Specific facts in the record on appeal must indicate a reasonable probability that the in a post-Booker framework, Ms. Childress would have received a more lenient sentence. United States v. Trujillo-Terrazas, 405 F.3d 814, 819 (10th Cir. 2005). Given the vast difference between the guideline range and the more lenient statutory maximum, Ms. Childress has not made this showing for either constitutional or non-constitutional Booker error.

Nor can she meet the fourth prong. We have developed a number of factors that might satisfy the fourth prong: (1) a sentence increased substantially based on Booker error; (2) a showing that the district court would likely impose a significantly lighter sentence on remand; (3) a substantial lack of evidence to

support the entire sentence the guidelines required the court to impose; (4) a showing that objective consideration of the 18 U.S.C. § 3553(a) factors warrants a departure from the suggested guidelines sentence, and (5) other evidence peculiar to the defendant which demonstrates a complete breakdown in the sentencing process. Dowlin, 408 F.3d at 671. None of these factors are present.

Ms. Childress' argument that the court's failure to provide and "reference, computation or basis" for the sentence was clear error, Aplt. Br. at 7, 14, is unpersuasive. "[I]t [is] quite clear that the sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence. Moreover, we do not demand that the district court recite any magic words to show that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." United States v. Rines, 419 F.3d 1104, 1107 (10th Cir. 2005) (quoting United States v. Contreras-Martinez, 409 F.3d 1236, 1242 (10th Cir. 2005)).

Because we affirm the district court's sentence, we need not address Ms. Childress's argument for particular instructions on remand, nor consider any issues concerning the scope of the waiver of appellate rights in the plea agreement, or its efficacy.

AFFIRMED. All pending motions are DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge