**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 5, 2007**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 06-4083 |
| v. | (D. Utah) |
| RICHARD DEE THOMAS, also known as Fatzz, | (D.C. No. 2:05-CR-355-JEC) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT** [*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  Introduction

Appellant Richard Dee Thomas was convicted of threatening a federal official, in violation of 18 U.S.C. § 115(a)(1)(B) and (b)(4), and mailing threatening communications, in violation of 18 U.S.C. § 876(c).  The Presentence Investigation Report ("PSR") calculated a 100 to 125-month advisory guidelines sentencing range.  Thomas filed a written objection to the PSR, requesting an adjustment to his offense level for acceptance of responsibility.  He also filed a sentencing memorandum and a motion seeking a downward departure.  The court sentenced Thomas to 100 months' imprisonment, the low end of the advisory guidelines range.  Thomas then filed this appeal, arguing his sentence is procedurally unreasonable because the district court failed to address the nonfrivolous arguments he made at sentencing by reference to the factors set out in 18 U.S.C. § 3553(a).  *See United States v. Sanchez-Juarez*, 446 F.3d 1109, 1117 (10th Cir. 2006).  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we conclude the district court erred.  We nevertheless **affirm** Thomas's sentence because the district court's plain error does not seriously affect the fairness, integrity, or public reputation of judicial proceedings.

## II.  Background

Thomas was charged in a two-count indictment with threatening a United States judge, in violation of 18 U.S.C. § 115(a)(1)(B) and (b)(4), and mailing a threatening communication, in violation of 18 U.S.C. § 876(c).  He was convicted

of both counts after a jury trial. Thereafter, a United States Probation Officer prepared a PSR which set Thomas's base offense level at twelve. *See* USSG § 2A6.1(a)(1). The PSR, however, concluded Thomas was a career offender and it accordingly applied a total offense level of twenty-four and a criminal history category of VI under USSG § 4B1.1(b)(E). The PSR then calculated an advisory guidelines sentencing range of 100 to 125 months.

Thomas filed a written objection to the PSR and a "Motion for Downward Departure and Sentencing Memorandum" (the "Motion"). Although he was convicted by a jury, Thomas's written objection sought a three-level decrease in his offense level for acceptance of responsibility. *See id*. § 3E1.1 cmt. n.2 ("In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial."). In the Motion, Thomas argued for a health-related departure pursuant to USSG §§ 5H1.4 and 5K2.0; a diminished-capacity departure pursuant to USSG § 5K2.13; and a departure pursuant to USSG § 5K2.0 based on his susceptibility to abuse in prison. Thomas also argued for a variance from the advisory guidelines, relying on many of the same bases. *See United States v. Booker*, 543 U.S. 220, 260-61 (2005); 18 U.S.C. § 3553(a). Further, he asserted it was relevant to the district court's analysis of the factors set forth in 18 U.S.C. § 3553(a) that he (1) committed the instant offense out of frustration over the dismissal of a complaint he had filed in federal court, (2) had no apparent means

of carrying out the threat, and (3) belongs to an age group with low recidivism rates. He argued a reasonable sentence would be closer to the sentencing guideline range calculated without the application of the career offender provisions.

At the sentencing hearing, the district court denied Thomas's request for a downward departure, rejected his argument that he was entitled to a reduction in his offense level for acceptance of responsibility,[1] and sentenced Thomas to 100 months' imprisonment. When it imposed the sentence, the court made no reference to the § 3553(a) factors or Thomas's arguments supporting his request for a variance from the advisory guidelines range.

## III. Discussion

This court reviews Thomas' sentence for reasonableness. *Booker*, 543 U.S. at 260-61. "Reasonableness has both procedural and substantive components." *United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006). In this case, Thomas challenges the procedural reasonableness of his sentence, arguing the district court failed to adequately state on the record, with specific reference to the § 3553(a) factors, its reasons for rejecting his request for a sentence outside the advisory guidelines range. Because Thomas did not bring this alleged procedural

---

[1]Thomas asserts he did not request a reduction in his sentence based on acceptance of responsibility and labels the district court's discussion of the issue "curious." A review of the record, however, reveals his written objection to the PSR is premised solely on a request for a three-level decrease based on acceptance of responsibility.

error to the attention of the district court at the sentencing hearing, we review for plain error.[2] *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007). "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*.

"[W]here a defendant has raised a nonfrivolous argument that the § 3553(a) factors warrant a below-Guidelines sentence and has expressly requested such a sentence, we must be able to discern from the record that the sentencing judge did not rest on the guidelines alone, but considered whether the guidelines sentence actually conforms, in the circumstances, to the statutory factors." *Sanchez-Juarez*, 446 F.3d at 1117 (quotation and alterations omitted). Admittedly, the district court is not required to explicitly reference each of the § 3553(a) factors or respond to every argument made by the defendant in support of his request for a variance. Nevertheless, when the court imposes a sentence within the advisory guidelines range, it must provide "a general statement of the reasons for the imposition of the particular sentence." *Ruiz-Terrazas*, 477 F.3d at 1199 (quotation omitted). A sentence is procedurally unreasonable if "(i) there [is] no indication by the district court that it had considered the Section 3553(a) factors,

---

[2]Thomas's argument that he preserved the issue for appeal by questioning the district court on the status of his motion for a downward departure is unavailing.

and (ii) we [are] otherwise unable ourselves to discern a clear explanation of the sentence in the record." *Id*. at 1202 (quotations omitted). After reviewing the appellate record, we conclude the first two prongs of the plain error test have been met here.

Before imposing Thomas's sentence, the district court did not mention any of the § 3553(a) factors or even reference § 3553(a). Neither did the court respond on the record to any of the nonfrivolous arguments made by Thomas in support of his request for a sentencing variance or provide any explanation of how it arrived at the sentence imposed. Accordingly, there is no basis upon which we can determine whether the district court actually weighed Thomas's arguments in light of § 3553(a). The lack of an adequate explanation by the district court is error because it has left us in the "zone of appellate speculation." *Sanchez-Juarez*, 446 F.3d at 1116 (quotation omitted). Further, the error is plain because it is "clear or obvious under current law." *United States v. Brown*, 316 F.3d 1151, 1158 (10th Cir. 2003) (quotation omitted).

It is Thomas's burden to prove the district court's error affected his substantial rights. *Id*. at 1158. He must also show the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*. at 1161. Thomas argues the district court's failure to provide any explanation of how it arrived at his sentence affects his substantial rights because it prevents this court from conducting a meaningful review of the substantive reasonableness of his

sentence. We do not address this question because even assuming the error affected Thomas' substantial rights, we conclude he has failed to show it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Cotton*, 535 U.S. 625, 632-33 (2002).

Thomas asserts the failure to provide reasons for imposing a particular sentence "could be reasonably construed as treating the Guidelines as mandatory in direct violation of *Booker* and the right to a jury determination of the facts" and argues this undermines the fairness, integrity, or public reputation of judicial proceedings. What Thomas fails to appreciate, however, is that even if the district court committed *Booker* error, the court's error is non-constitutional in nature. *See United States v. Gonzales-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc) (explaining the difference between constitutional and non-constitutional *Booker* error). The facts used to calculate the advisory guidelines range within which Thomas was sentenced were either admitted by Thomas, found by the jury, or involved the fact of a prior conviction.[3] Thus, the Sixth Amendment is not implicated. *See id* at 732; *see also United States v. Moore*, 401 F.3d 1220, 1223-24 (10th Cir. 2005).

---

[3]Although the base offense level for the crime of conviction was twelve, the PSR applied a total offense level of twenty-four and a criminal history category of VI solely because Thomas was a career offender. *See* USSG § 4B1.1(b).

Even assuming the district court applied the Guidelines mandatorily thereby committing non-constitutional *Booker* error, we will not notice such error "unless it is both particularly egregious and our failure to notice [it] would result in a miscarriage of justice." *United States v. Yazzie*, 407 F.3d 1139, 1146 (10th Cir. 2005) (en banc); *see also United States v. Williams*, 431 F.3d 1234, 1240 (10th Cir. 2005) ("[I]n most cases involving non-constitutional *Booker* error the defendant will be unable to satisfy the final [plain error] prong."). Thomas has not satisfied his burden of showing a miscarriage of justice. He argues the error has effectively deprived him of the right to appeal his sentence but does not direct us to any record evidence indicating the district court relied on impermissible factors or imposed a sentence that was "anything but fair and reasonable." *United States v. Trujillo-Terrazas*, 405 F.3d 814, 820 (10th Cir. 2005). To the contrary, the record shows Thomas, like a myriad of other criminal defendants, received a sentence at the bottom of a guidelines range which was properly calculated without any Sixth Amendment violation. Thomas has failed to show that a miscarriage of justice would result if we fail to notice the error, and thus has failed to show the instant error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

**IV.    Conclusion**

Because Thomas cannot satisfy the fourth prong of the plain error test, we decline to notice the district court's error.  The sentence imposed by the district court is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge