FILED
United States Court of Appeals
Tenth Circuit

February 3, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RYAN GREGORY JOHNSON,

     Defendant-Appellant.

No. 12-4211

(D.C. No.2:11-CR-00232-TS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ, BALDOCK,** and **BACHARACH,** Circuit Judges.[**]
_____

In May 2012, Defendant Ryan Gregory Johnson pled guilty to one count of

production of child pornography in violation of 18 U.S.C. § 2251(a). Applying the 2011

Sentencing Guidelines Manual, the presentence report (PSR) applied a two-level

enhancement because the offense involved distribution. The PSR assigned Defendant a

total offense level of 40 and a criminal history category of II, yielding a guideline

sentencing range of 324–405 months. See U.S.S.G. § 5A. The district court adopted the

PSR's calculations but varied downward and imposed a sentence of 300 months

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining appellant's brief and the appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

imprisonment. Defendant now argues the court erred by adopting the PSR's calculations and imposing the two-level distribution enhancement because no facts in the PSR or Defendant's plea agreement justified the enhancement. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

I.

Defendant committed the instant offense by pretending to be a girl and soliciting pornographic images from multiple young boys online. As such, the PSR determined Defendant's offense level under the Guidelines by calculating separate offense levels as to each child or group of children involved, and then basing Defendant's offense level on the highest separate offense level calculation, plus an additional increase based on the total number of children or groups of children involved. See U.S.S.G. §§ 2G2.1(d)(1), 3D1.4.

The PSR calculated separate offense levels for 10 different children or groups of children from which Defendant had solicited pornographic images. The PSR calculated nine of these individual offense levels to be 36; however, the PSR calculated the offense level as to one group ("Group A") to be 38 by including a two-level enhancement because "the offense involved distribution." Aside for this conclusory statement in the Group A offense level calculation, the PSR never recounted any facts to justify the distribution enhancement, nor did Defendant plead guilty to facts justifying the enhancement. Starting with an offense level of 38 as to Group A, the PSR applied a five-level enhancement based on the total number of children or groups of children involved. The PSR then applied a three-level reduction based on Defendant's acceptance of

responsibility. The PSR thus ultimately calculated a final offense level of 40, which included the distribution enhancement, and a criminal history category II. This score of 40-II yielded a guideline sentence of 324–405 months imprisonment. See U.S.S.G. § 5A. Without the two-level enhancement, Defendant would have been assigned a 38-II, yielding a guideline sentence of 262–327 months. See id. The court accepted the PSR's 40-II calculation, but varied downward and imposed a sentence of 300 months imprisonment. Defendant never objected to the distribution enhancement.

## II.

## A.

The parties first dispute the applicable standard of review. Defendant argues we should review his case for harmless error because "[a] remand for resentencing is appropriate if the appellate court determines that 'the sentence was imposed as a result of an incorrect application of the sentencing Guidelines,'" regardless of whether Defendant objects below. Def. Op. Br. at 8 (emphasis omitted) (quoting 18 U.S.C. § 3742(f)(1)). He then argues that, at the very least, he is entitled to plain error review. The Government counters that Defendant waived this issue entirely by not raising it below.

Defendant's reliance on § 3742(f)(1) fails. Our circuit consistently applies, at laxest, plain error review where a defendant fails to object to the imposition of an adjustment under the Guidelines. E.g. United States v. Brown, 316 F.3d 1151, 1155 (10th Cir. 2003). Furthermore, as we stated in United States v. Mendoza, 543 F.3d 1186, 1191 n.2 (10th Cir. 2008):

It is a settled proposition in our circuit that . . . a defendant[] may obtain plain error review of an unpreserved claim of error. It is also well-settled that we apply ordinary harmless and plain error review to sentencing errors, even though the sentencing vacatur statute, 18 U.S.C. § 3742(f), would appear on its face to categorically require remand for further sentencing proceedings whenever a sentencing error occurs.

(internal citations omitted).

Still, classifying Defendant's failure to object to the distribution enhancement as a waiver may not be entirely correct, either. On the one hand, some of our older cases treat a failure to object to a factual issue at sentencing as a waiver of that issue.[2] On the other hand, in United States v. Zubia-Torres, 550 F.3d 1202, 1205 (10th Cir. 2008), we recognized "some uncertainty in our cases regarding the difference between waiver and forfeiture." We therefore explained that "waiver is accomplished by intent, but forfeiture comes about through neglect." Id. (internal marks and citation omitted). "We typically find waiver in cases where a party has invited the error that it now seeks to challenge, or where a party attempts to reassert an argument that it previously raised and abandoned below." Id.

---

[2]  For example, in United States v. Svacina, 137 F.3d 1179, 1187 (10th Cir. 1998), we held: "Because Defendant failed to properly raise the Dversus L-methamphetamine issue in the district court, we have no factual record by which to conduct any review. We conclude that Defendant waived the Dversus L-methamphetamine issue on appeal." (internal citation omitted). We have also stated, "[c]learly, factual disputes bearing on the sentence, which are not raised at sentencing, are waived." United States v. Ciapponi, 77 F.3d 1247, 1252 (10th Cir. 1996). Ciapponi, however, involved a legal question which we ultimately reviewed for plain error. Id. Thus, Ciapponi's statement on the issue is dicta.

-4-

We need not decide whether Defendant's failure to object to the distribution enhancement below amounted to waiver or mere forfeiture, however. Here, the distinction is without difference. Typically, when a defendant waives an issue, he gives up the right to appeal the issue altogether; however, a forfeited issue is entitled to plain error review. See id. at 1204–05. But "[t]his court has held repeatedly that factual disputes not brought to the attention of the court do not rise to the level of plain error." United States v. Svacina, 137 F.3d 1179, 1187 (10th Cir. 1998). As such, even were we to treat Defendant's failure to object to his sentencing enhancement as forfeiture rather than waiver, by failing to object to the underlying factual contention in the PSR—that the offense as to Group A involved distribution—Defendant "*in effect* waived the issue for appeal." United States v. Deninno, 29 F.3d 572, 580 (10th Cir. 1994) (emphasis added).

B.

Defendant argues plain error review should not be precluded because he is not contesting facts stated in the PSR. Instead, he argues, he is challenging the application of an enhancement that has absolutely no factual support. Defendant is mistaken.

We rejected a nearly identical argument in Deninno. 29 F.3d at 579–80. In Deninno, the PSR "clearly calculated Deninno's base offense level using D-methamphetamine" rather than L-methamphetamine, although the PSR nowhere stated it had done so.[3] Furthermore, "[n]othing in the record . . . suggest[ed] the possibility of two types of methamphetamine," let alone which type Deninno possessed. Id. at 580.

_____

[3] "The sentencing difference between D-methamphetamine and L-methamphetamine is significant." Id. at 579.

-5-

Deninno never objected below as to the type of methamphetamine attributed to him.  Id. For the first time on appeal, however, he argued "it was error to calculate his sentence under the sentencing guidelines on the basis of [D-methamphetamine rather than L-methamphetamine]."  Id. at 579.  In rejecting this argument, we held that "[a]lthough the burden of proof is on the government, the burden of alleging factual inaccuracies of the presentence report is on the defendant.  Failure to object to a fact in a presentence report, or failure to object at the [sentencing] hearing, acts as an admission of fact."  Id. at 580 (citations omitted); see also Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact.").  We then concluded:

> The type of methamphetamine is a factual issue for the sentencing court to determine.  Therefore, it would be reviewed for clear error if the defendant had properly made an objection.  Since Mr. Deninno failed to object, the only appropriate standard of review is plain error.  However, factual disputes do not rise to the level of plain error.  By failing to make any objections to the scoring of the methamphetamine, Mr. Deninno has in effect waived the issue for appeal.

Id.

As in Deninno, no other facts in this record justified enhancing Defendant's sentence beyond the PSR calculation.  Furthermore, whereas the record in Deninno nowhere even suggested the possibility of two types of methamphetamine—such that the defendant might not have realized his sentence was higher than it should have been— here, the PSR clearly stated the two-level enhancement applied because "the offense involved distribution."  Yet Defendant never objected below.  Like the type of methamphetamine at issue in Deninno, whether Defendant's offense involved distribution

is a factual issue. Thus, as in Deninno, by not objecting to the two-level distribution enhancement below, Defendant *in effect* waived the issue for appeal.

C.

Although the parties fail to mention it, Deninno was called into doubt by United States v. Bass, 411 F.3d 1198 (10th Cir. 2005). In Bass, the district court applied the then-mandatory Guidelines and "accepted as a finding of fact the PSR's assertion that the offenses at issue involved trafficking in, rather than simple possession of, child pornography." Id. at 1204. This enhancement resulted in a sentence seven months greater than the top of the otherwise applicable guideline range. Id. 1203. "[T]he PSR offered no explanation whatsoever for its conclusory assertion that Bass was subject to a trafficking-based enhancement." Id. at 1205. Bass did not object to the enhancement below, but he raised the issue on appeal. Id. at 1203. While his appeal was pending, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005). In Booker, the Supreme reaffirmed the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000)—that, under the Sixth Amendment, "[a]ny fact (other than a prior conviction) *which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty* or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"—and applied that holding to mandatory applications of the Sentencing Guidelines. Id. at 233, 244 (emphasis added). This conclusion, however, rested "on the premise . . . that the relevant sentencing rules are mandatory and impose binding requirements on all sentencing judges." Id. at 233. As the Supreme Court recognized, "if the Guidelines as currently written could be read as

-7-

merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment." Id. "[I]n light of Booker," we concluded in Bass, "it is clear that [the district court's] sentencing methodology violated [Bass'] Sixth Amendment rights. 411 F.3d at 1204. In a footnote, we stated: "Whatever the remaining validity of [Deninno] may be, we are unwilling to conclude that Bass' failure to object operated as an 'admission of fact' for purposes of the rights announced in Booker." Id. at 1204 n.7. We thus held the district court committed plain error by enhancing the defendant's sentence based on judge-found facts, and remanded for resentencing. Id. at 1204–06.

Neither Booker nor Bass are triggered here, however. First, the Guidelines were no longer mandatory when the court sentenced Defendant. E.g. Kimbrough v. United States, 552 U.S. 85, 89, (2007) ("[T]he Guidelines are no longer binding . . . ."). Furthermore, without the distribution enhancement, Defendant's guideline sentencing range would have been 262–327 months. Although the district court accepted the PSR's sentencing calculations, it ultimately varied downward from the PSR-calculated sentencing range of 324–405 months and sentenced Defendant to 300 months imprisonment, well within Defendant's guideline sentencing range sans distribution enhancement. Because the Guidelines were not mandatory as applied to Defendant, and because Defendant's actual sentence did not exceed the maximum authorized by the facts established in his guilty plea—which does not mention distribution—Defendant's Sixth Amendment rights were not violated. See United States v. Yazzie, 407 F.3d 1139, 1144 (10th Cir. 2005) ("Booker made clear that it is the actual sentence, not the sentencing

-8-

range, that must not be increased based upon judge-found facts in order to violate the Sixth Amendment."). Thus, accepting Defendant's failure to object to the distribution enhancement as an admission that his offense involved distribution and treating the distribution enhancement issue as *in effect* waived in no way violates the rights announced in <u>Booker</u> and at issue in <u>Bass</u>. <u>Deninno</u> is still valid as applied to this case.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge