**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 23, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DHEADRY LOYD POWELL,

Defendant - Appellant.

No. 07-3132

D. Kan.

(D.C. No. 05-CR-20067-CM)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.[**]

Dheadry Loyd Powell was sentenced to life in prison following his guilty

plea to drug and money laundering charges. He now seeks to challenge his

prosecution, conviction and sentence. Powell's plea agreement contained an

appeal waiver, which the government seeks to enforce and he wants to avoid.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we enforce the appellate waiver and dismiss the appeal.[1]

## I. BACKGROUND

Protracted criminal proceedings culminated in a judgment of conviction on one count of conspiracy to distribute and possession with intent to distribute more than fifty grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846, and one count of conspiracy to conceal and disguise the proceeds from the sale of crack cocaine (money laundering) in violation of 18 U.S.C. § 1956(h). Powell was sentenced to life in prison for the crack cocaine conviction and twenty years for the money laundering conviction. We recount in much detail the tortured procedural history because it is critical to our decision. Powell must live with his plea agreement, including the appeal waiver, unless he demonstrates it is unenforceable for one of the narrowly defined reasons our cases have recognized.

On October 29, 2004, Powell was arrested and a criminal complaint was filed alleging he made multiple cocaine and crack cocaine sales to an undercover agent with the Federal Bureau of Investigation within 1,000 feet of a public school. On November 4, 2004, Powell waived his right to a detention hearing, a preliminary hearing and the filing of an information or indictment within thirty

---

[1] "[T]his Court has both statutory and constitutional subject matter jurisdiction over appeals when a criminal defendant has waived his appellate rights in an enforceable plea agreement." *United States v. Hahn*, 359 F.3d 1315, 1324 (10th Cir. 2004) (en banc).

days of his arrest. Powell also signed written waivers to this effect. The district court questioned Powell to assure he understood the rights he was waiving and concluded Powell was voluntarily waving his rights with the advice of counsel.

On March 25, 2005, Powell's counsel filed a motion to withdraw due to a conflict of interest. Substitute counsel was appointed and a status conference was scheduled. The order reflecting this scheduling also included a provision indicating both parties agreed the time by which trial must commence under the Speedy Trial Act had not yet started to run.[2] At the status conference, the government indicated a charging document would be filed within two weeks. The court set the initial appearance hearing for May 26, 2005, and memorialized the parties' agreement that the Speedy Trial Act clock had not yet started.

On May 26, 2005, Powell was charged by information with conspiring to sell more than fifty grams of crack cocaine and launder the proceeds. After being advised in open court of the nature of the charges, Powell waived his right to be prosecuted by indictment and signed a written waiver affirmatively accepting prosecution by information. Powell pled not guilty to both charges. On August 26, 2005, the government filed a superseding information charging the same two counts. Powell decided to plead guilty.

On August 31, 2005, the district court held a change of plea hearing. After

---

[2] *See generally,* 18 U.S.C. § 3161 (establishing time limits and exclusions for when an information or indictment must be filed and when trial must commence if the defendant pleads not guilty).

placing Powell under oath and explaining the consequences of violating that oath, the court initiated a colloquy with Powell as outlined in Rule 11(b)(1) of the Federal Rules of Criminal Procedure. It proceeded to explain to Powell the rights incident to pleading not guilty and how changing his plea to guilty waives those rights. The court explained: the nature of the charges, the mandatory minimum and maximum penalties, the court's obligation to make a special assessment, and the need to comply with the forfeiture of any property identified within the plea agreement. The government then detailed the plea agreement's contents, particularly Powell's waiver of his "right to appeal or collaterally attack any manner (sic) in connection with [his] prosecution, conviction, and sentence." (R. Vol. VIII at 22-23.) Powell and his attorney agreed the government's recitation of the plea agreement was accurate.

The court then asked:

The Court: [A]gain, are you asking this court to approve your plea agreement?

Powell: Yes, sir.

The Court: As well as, at this time, the court would ask you, do you still want to plead guilty?

Powell: Yes, sir.

The Court: Other than the plea agreement that we've just gone over here in court, has anyone made any sort of promise to you in order for you to plead guilty?

Powell: No, sir.

The Court: Has anyone forced or threatened you in order for you to plead guilty?

Powell: No, sir.

The Court: Are you telling the court that you're pleading guilty freely and voluntarily and of your own free will?

Powell: Yes, sir.

(*Id*. at 25.) Powell then signed a petition to enter a plea of guilty. The petition detailed the rights he was giving up by pleading guilty. It also stated Powell was entering his plea of guilty "freely and voluntarily," and had read, understood and discussed with his attorney the contents of the petition. (R. Vol. I, Doc. 38 at 5.) Powell's counsel signed a certification attached to the petition indicating he had explained to Powell the allegations against him and the maximum penalty for each count. The certificate also expressed the opinion that Powell's plea of guilty was "voluntarily and understandingly made" and a result of the plea agreement made with the government. (*Id*. at 7.) After the petition was signed, the government detailed the evidence it would have presented had the case gone to trial. In response to questioning from the court, Powell admitted to the allegations and admitted his conduct violated the law.

Finally, the court assured itself Powell was indeed voluntarily changing his plea to guilty:

The Court: Today, are you mentally aware of what you're doing here?

Powell:       Yes, sir.

The Court:    And as such, are you asking this court of your own free will to accept your guilty plea to these charges?

Powell:       Yes, sir.

The Court:    Mr. Powell, have you had a full opportunity to speak with your attorney regarding these charges against you?

Powell:       Yes, sir.

The Court:    And after going over the matter thoroughly with your attorney and learning the evidence against you, have you decided that what you want to do is plead guilty to these charges?

Powell:       Yes, sir.

The Court:    Is the decision to plead guilty, is that your decision or [your attorney's]?

Powell:       My decision, sir.

(R. Vol. VIII at 38-39.)

At the conclusion of the hearing, the court found Powell "knowingly, understandingly and voluntarily waived his constitutional rights, that he's entering his plea of guilty freely and voluntarily, that he understands the nature of the charges, his rights in regards to the charges, and also the consequences of his plea." (*Id*. at 39-40.)

Sentencing was scheduled and a Presentence Investigation Report (PSR) was prepared. Powell's total offense level and criminal history provided for a

recommended guideline range of life imprisonment.[3]  Powell filed two separate

motions to continue sentencing which were granted by the district court.

On January 18, 2006, Powell filed a pro se motion seeking the withdrawal

of his counsel and guilty plea alleging his counsel coerced him into pleading

guilty.  In April, 2006, after attempting to resolve their differences, Powell's

counsel filed a separate motion to withdraw Powell's guilty plea because Powell

asserted he did not fully understand the plea agreement and its consequences.

Powell's counsel also sought to withdraw in anticipation of being a witness at the

withdrawal hearing.  Before the court could appoint substitute counsel, Powell

filed two additional pro se motions.  The first alleged vindictive prosecution of

his fiancée; the second sought a dismissal of the charges against him because his

counsel allegedly failed to advise him of the consequences of waiving his right to

prosecution by indictment.

On June 26, 2006, substitute counsel was appointed to represent Powell –

his third court-appointed attorney.  Powell filed a pro se motion seeking discovery

of all evidence in preparation for trial.  Powell's new attorney filed a similar

motion.  On September 15, 2006, the district court struck all of Powell's pro se

motions which were filed while he was represented by counsel.  It also denied the

discovery motion as moot.  Undeterred, Powell filed a pro se motion for en banc

review with the district court on October 25, 2006, outlining all of the complaints

---

[3]  *But see infra* note 5.

he had with his prosecution. The following week, Powell filed a pro se motion to dismiss on account of a Speedy Trial Act violation. The district court scheduled a hearing, but before the hearing date Powell filed a pro se motion to dismiss his counsel. Powell alleged his attorney had refused to let him see every piece of discovery evidence against him, which he needed to assert his right to withdraw his guilty plea.

On December 19, 2006, the district court held a hearing to address Powell's outstanding motions. It declined to review Powell's pro se motion for en banc review and his pro se motion for dismissal with prejudice based on the Speedy Trial Act because they were filed while Powell was represented by counsel. It did consider, however, Powell's motion to withdraw his guilty plea filed by counsel in April, the motion to dismiss the information without prejudice filed pro se in June, and the motion to dismiss counsel filed pro se in November.[4] After hearing from Powell's counsel and discovering she was willing and able to move forward with Powell's asserted legal positions, the court denied Powell's motion to dismiss his counsel.

Powell took the stand. He testified his second attorney coerced him into accepting the plea agreement; he did not receive a copy of the plea agreement and

_____

[4] Powell's motion from June was filed between the time his second counsel was withdrawn and the appointment of his third counsel. The court did not explain why it chose to addressed Powell's motion from November despite the fact he was represented by counsel.

his second attorney refused to help him withdraw his plea earlier. The force of Powell's testimony asserted his plea was not knowingly made because he was not provided a copy of the plea agreement to thoroughly study before pleading guilty.

To rebut Powell's testimony, the government called Powell's second attorney. He testified to meeting with Powell at the prison on approximately six occasions for a little over nine hours total. He stated he and Powell went over the plea agreement paragraph-by-paragraph before the change of plea hearing and generally discussed the petition to plead guilty. On the morning of the hearing, he met with Powell to discuss the final version of the petition to plead guilty. During that meeting, he made sure Powell understood he was requesting to change his plea to guilty. Based on his time spent representing Powell, he stated "[t]here's no question in my mind that Mr. Powell understood what he was doing, and he was doing it freely and voluntarily." (R. Vol. X at 82.) The court delayed ruling until it could review all of the testimony and evidence.

On January 3, 2007, the district court held a hearing to discuss its findings as to Powell's outstanding motions. The court denied Powell's motion to withdraw his guilty plea after analyzing the seven factors outlined in *United States v. Yazzie*, 407 F.3d 1139, 1142 (10th Cir. 2005) (en banc). The court's review of the change of plea hearing transcript solidified its belief that Powell was telling the truth then and it would continue to believe his statements were truthful.

The court also denied Powell's motion to dismiss the information. Again the court relied on transcripts from the initial hearing and change of plea hearing to assess Powell's understanding and willingness to waive his right to be charged by indictment. It concluded Powell understood his waiver because he received a copy of the information and superseding information at the hearings where his attorney and the court went over them with him. With this knowledge, Powell chose to continue his waiver even after the superseding information was filed.

On January 8, 2007, Powell's counsel filed a motion to dismiss based on an alleged violation of the Speedy Trial Act. The court denied the motion because it was not filed until after Powell pled guilty. *See* 18 U.S.C. § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to . . . entry of a plea of guilty . . . shall constitute a waiver of the right to dismissal under this section."). It also reviewed the Speedy Trial Act waivers Powell signed to show he was aware of his rights before pleading guilty. Powell subsequently filed five additional pro se motions asserting a panoply of attacks against his prosecution. All of these were denied by the district court. Having resolved all of Powell's motions and objections, the district court entered judgment and sentenced Powell to life imprisonment on May 8, 2007.

## II. DISCUSSION

Powell asserts the court erred by: (1) accepting his guilty plea; (2) denying his motion to withdraw his guilty plea; (3) denying his motion to dismiss for

violation of the Speedy Trial Act; (4) accepting his waiver of prosecution by information; and (5) relying on hearsay evidence in sentencing in violation of *Crawford v. United States*, 541 U.S. 36 (2004).[5] Powell's appellate waiver prevents us from addressing the merits of these arguments.

A defendant may not appeal from his prosecution, conviction or sentence after waiving such appellate rights in an enforceable plea agreement. *See Untied States v. Rodriguez-Rivera*, 518 F.3d 1208, 1214 (10th Cir. 2008). We apply a three prong test to determine whether an appellate waiver is enforceable, asking: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *Hahn*, 359 F.3d at 1325. It is the defendant's burden to demonstrate the appellate waiver was not knowingly and voluntarily entered into or its enforcement would result in a miscarriage of justice. *See Untied States v. Anderson*, 374 F.3d 955, 958-59 (10th Cir. 2004).

---

[5] Powell also argues his sentence was unreasonable because he was sentenced prior to the sentencing guideline amendment which reduced the base offense levels associated with crack cocaine offenses. *See* USSG § 2D1.1 (2008); USSG App. C, Amend. 706 (setting an effective date of Nov. 1, 2007 for the revised § 2D1.1 sentencing ranges). A separate amendment to the guidelines provides the § 2D1.1 revisions apply retroactively to all defendants sentenced under the guidelines, even those sentenced before the effective date of Amendment 706. USSG § 1B1.10 (2008). Redress for a defendant in Powell's position would normally occur through a motion to the district court seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We decline to address the merits or his potential waiver of this remedy in the first instance.

Powell recognizes his appeal falls within the scope of the appellate waiver. We need not address the first prong further. Powell asserts, however, it would be fundamentally unfair and improper to enforce the appeal waiver because his primary issues on appeal concern whether he knowingly and voluntarily entered into his plea agreement and whether he should have been permitted to withdraw his guilty plea. But if the appellate wavier is enforceable, he gave up the right to appeal from the denial of a motion to withdraw. *See United States v. Elliot*, 264 F.3d 1171, 1174 (10th Cir. 2001) (an appeal from the denial of a motion to withdraw a guilty plea falls under the plain language of the defendant's waiver of appellate rights). Thus all of Powell's arguments hinge on whether he entered into the plea agreement knowingly and voluntarily and whether enforcement would be a miscarriage of justice.

A. Knowing and Voluntary

Powell claims he did not enter into the plea agreement knowingly and voluntarily. The record does not support his argument. In determining whether a defendant has knowingly and voluntarily waived his appellate rights we are foremost concerned with "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and whether the court provided an "adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. Paragraph 13 to Powell's plea agreement – titled **Waiver of Appeal and Collateral Attack** – reads:

-12-

The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any manner [sic] in connection with this prosecution, conviction and sentence. He is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, he knowingly waives any right to appeal a sentence imposed that is within the guideline range determined appropriate by the court. He also waives any right to challenge his conviction and/or sentence or otherwise attempt to modify or change his sentence or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, he waives the right to appeal the conviction in this case and waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guidelines range determined by the court. However, if the United States exercises its right to appeal the sentence imposed by Title 18, U.S.C. § 3742(b), then the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

(R. Vol. I, Doc. 39 at 14-15.) As was revealed at the motion to withdraw his guilty plea hearing, Powell read and reviewed this paragraph with his attorney. It was also read to him in open court at the change of plea hearing. When questioned by the court about whether he disagreed with the plea agreement's contents, including his appellate waiver, Powell asserted the government's recitation met with his understanding. The court asked Powell several times whether he was voluntarily agreeing to the plea agreement and to plead guilty. Each time Powell said yes.

The district court also performed a more than adequate Rule 11 colloquy. The court ensured that Powell understood what he was agreeing to when it went through each of the Rule 11 provisions. *See* Fed. R. Crim. P. 11(b)(1). Without exception, Powell indicated he either understood or agreed. We believe the veracity of Powell's assertions at the change of plea hearing on August 31 despite his subsequent change of heart.

B. Miscarriage of Justice

Powell also claims enforcing the appellate waiver would be a miscarriage of justice. That argument, too, fails. We have recognized four situations which necessitate the invalidation of an appellate waiver: "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. To be considered "otherwise unlawful," the error must seriously affect the fairness, integrity or public reputation of judicial proceedings as set forth in *Untied States v. Olano*, 507 U.S. 725, 732 (1983). *Id*.

Powell has not alleged the first three grounds. Instead, he argues that because his appellate waiver was not entered into knowingly and voluntarily it would be a miscarriage of justice to enforce it. Arguably, this falls under the "otherwise unlawful" prong. However, we have already determined he entered

into the plea agreement knowingly and voluntarily. Thus, no error has occurred affecting the fairness, integrity or public reputation of the judicial proceeding.

Powell also argues the district court committed error when it denied his motion to withdraw his guilty plea because, contrary to the court's finding, he did claim to be innocent of both counts. Thus, he satisfied one of the seven factors for assessing a motion to withdraw. *See Yazzie*, 407 F.3d at 1142. Even if true, Powell's satisfaction of one of the factors does not invalidate the court's conclusion that he failed to present a just and fair reason for withdrawing his guilty plea. *See* Fed. R. Crim. P. 11(d)(2)(B). The overarching weight of the remaining factors belies any notion that it would seriously affect the fairness, integrity or public reputation of the judicial proceeding. Enforcing the plea agreement does not constitute a miscarriage of justice.

The government's motion to enforce the waiver is well taken. Powell's appeal is DISMISSED.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

-15-