**UNITED STATES COURT OF APPEALS** January 8, 2010

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

v.

DHEADRY LOYD POWELL,

         Defendant - Appellant.

No. 09-3287
(D. Kansas)
(D.C. Nos. 2:09-CV-02074-CM and
2:05-CR-20067-CM-1)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

Proceeding *pro se*, Dheadry Powell seeks to appeal the district court's

denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

The matter is before this court on Powell's request for a certificate of

appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B) (providing no appeal may be

taken from a "final order in a proceeding under section 2255" unless the movant

first obtains a COA). Because Powell has not "made a substantial showing of the

denial of a constitutional right," this court **denies** his request for a COA and

**dismisses** this appeal. *Id*. § 2253(c)(2).

Powell pleaded guilty to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The proceedings underlying the guilty plea have been thoroughly explained by this court. *United States v. Powell*, 286 F. App'x 566, 567-71 (10th Cir. 2008). Although Powell signed a written plea agreement containing a waiver of his right to directly appeal or collaterally attack his conviction and sentence, he filed a direct appeal with this court. *Id*. at 567. The Government sought to enforce the appellate waiver. *Id*. This court concluded (1) the issues Powell sought to raise fell within the scope of the appeal waiver and (2) he knowingly and voluntarily entered into the plea agreement and waiver. *Id*. at 572-73. After further concluding that enforcing the waiver would not result in a miscarriage of justice, this court granted the Government's motion and dismissed Powell's appeal. *Id*. at 573; *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc).

Powell filed the instant § 2255 motion on February 12, 2009, asserting multiple ineffective assistance of counsel claims and a claim the district court lacked subject matter jurisdiction[1] over his criminal proceedings because of the prolonged delay in filing charges. The Government moved to dismiss Powell's § 2255 motion based on the waiver contained in the written plea agreement. The

---

[1]*But see* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

district court granted the Government's motion as to all of Powell's claims except the ineffective assistance claim relating to the negotiation of the plea agreement. *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). The court denied relief on that claim, concluding Powell knowingly and voluntarily entered into the plea agreement.

To be entitled to a COA, Powell must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Powell has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Powell need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Powell's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes he is not entitled to a COA. The district court's resolution of Powell's

§ 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **denies** Powell's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge