FILED
United States Court of Appeals
Tenth Circuit

October 15, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DHEADRY LOYD POWELL,

      Defendant - Appellant.

No. 18-3084
(D.C. No. 2:05-CR-20067-CM-1)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

After examining the briefs and the appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Accordingly, the case is ordered submitted without oral argument.

Proceeding *pro se* and *in forma pauperis*, Dheadry Powell appeals the district court's denial of the Motion for Reduction of Sentence he filed pursuant

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to 18 U.S.C. § 3582(c)(2). In 2007, Powell was convicted of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846, and of conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). *United States v. Powell*, 286 F. App'x 566, 567, 571 (10th Cir. 2008). He was sentenced to life imprisonment. *Id*. at 567.

In his § 3582(c)(2) motion, Powell asked the district court to reduce his sentence based on Amendment 782, a retroactive amendment to the Sentencing Guidelines that lowered the base offense level for certain drug crimes, *United States v. Green*, 886 F.3d 1300, 1303 (10th Cir. 2018), and Amendment 750, a retroactive amendment that revised the drug-quantity tables for crack cocaine, *United States v. Osborn*, 679 F.3d 1193, 1194 (10th Cir. 2012). The district court denied Powell's motion, concluding a reduction in his sentence was not authorized under 18 U.S.C. § 3582(c)(2) because neither Amendment 750 nor Amendment 782 had the effect of lowering his offense level or his advisory guidelines range. *See* 18 U.S.C. § 3582(c)(2) (providing a court may only modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"). Powell appeals and we exercise jurisdiction under 28 U.S.C. § 1291.

Consistent with controlling Supreme Court precedent, the district court began its analysis of Powell's motion by determining "the amended guideline range that would have been applicable to [Powell] had the relevant amendment been in effect at the time of the initial sentencing." *See Dillon v. United States*, 560 U.S. 817, 826 (2010) (quotation omitted). As part of that process, the district court found that the quantity of crack cocaine attributable to Powell was 2.825 kilograms. *See United States v. Battle*, 706 F.3d 1313, 1319 (10th Cir. 2013) (holding that "a district court may look to its previous findings, including any portions of a PSR adopted by the sentencing court, to make supplemental calculations of drug quantity at resentencing if such calculations are necessary to 'determine the amended guideline range that would have been applicable' in light of a retroactive Guideline amendment" (quoting USSG § 1B1.10(b)(1))). The district court's finding was based on information contained in Powell's Presentence Investigation Report. *See id*.

After determining the applicable drug quantity, the district court recalculated Powell's advisory guidelines range using the amended Guidelines and applying the same enhancements it applied at Powell's original sentencing proceeding. This calculation resulted in a total offense level of forty-three and a Guidelines range of life imprisonment. Because Powell's post-Amendment advisory guideline sentencing range remained at life imprisonment, the district court correctly concluded he was ineligible for a reduction under § 3582(c)(2).

Powell challenges the process used by the district court.  He argues the court miscalculated his amended offense level by failing to separately determine the offense level for Counts 1 and 2 when it grouped the two counts.  This argument is meritless.  It is clear that Count 2's guideline, i.e., § 2S1.1, produced the highest offense level.  *See* USSG § 3D1.3(a) (providing that the applicable offense level for counts grouped together pursuant to § 3D1.2(c) is the highest offense level of the counts in the group).  Under the amended Guidelines, Powell's total offense level for Count 1 was forty-two and his total offense level for Count 2 was forty-four.[1]  Beginning with a base offense level of thirty-four, *see* USSG § 2D1.1(c)(3), two levels were added under § 2D1.1(b)(1) because Powell possessed a firearm, four levels were added under § 3B1.1(a) because he was an organizer or leader, and two levels were added under § 3C1.1 because he obstructed justice.  As to Count 2, an additional two levels were added because Powell was convicted under 18 U.S.C. § 1956.  *See* USSG § 2S1.1(b)(2)(B).  Powell's challenge to the two-level increase under § 2S1.1(b)(2)(B) fails because Count 1 and Count 2 were properly grouped.  *See* USSG § 2S1.1 cmt. n.6 ("In a case in which the defendant is convicted of a count of laundering funds and a count for the underlying offense from which the laundered funds were derived,

_____

[1]The district court correctly used a total offense level of forty-three to calculate Powell's amended advisory guidelines range because an "offense level of more than 43 is to be treated as an offense level of 43."  USSG ch. 5, pt. A, cmt. n.2.

the counts shall be grouped pursuant to subsection (c) of § 3D1.2 . . . .”); *id*. § 3D1.3 cmt. n.2 (“When counts are grouped pursuant to § 3D1.2(a)-(c), the highest offense level of the counts in the group is used.”).

Having considered the arguments advanced by Powell, we conclude the district court correctly ruled he was not entitled to relief under § 3582. The court, however, should have dismissed Powell’s motion for lack of jurisdiction rather than denying the motion on the merits. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014). We accordingly **vacate** the order denying Powell’s § 3582 motion and **remand** with instructions to dismiss for lack of jurisdiction.[2]

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[2]On May 24, 2018, Powell filed a Motion for Abatement of Appeal. The Tenth Circuit Clerk of the Court construed the motion as one requesting appointment of counsel and referred it to this panel. No matter how construed, the motion is **denied**.