**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 11, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

PABLO RENE BUCIO,

      Defendant - Appellant.

No. 09-3217

(D. Kansas)

(D.C. No. 2:07-CR-20145-KHV-1)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Defendant and appellant Pablo Rene Bucio pled guilty, without a plea

agreement, to five assorted drug and firearm violations, and then he pled guilty,

with a plea agreement, to one count of conspiracy to distribute methamphetamine,

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii).  He was sentenced to 327 months' imprisonment.  Mr. Bucio filed a timely Notice of Appeal, and his appointed counsel, David A. Kelly, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), moving to withdraw as counsel.  For the reasons set forth below, we agree with Mr. Kelly that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.


## BACKGROUND

On November 5, 2008, a 12-count Second Superceding Indictment was filed, charging Mr. Bucio with the following:  conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2 (count 1); conspiracy to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2 (count 4); attempt to manufacture and distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2 (count 5); use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. §§  924(c)(1)(A)(i) and 2, and 21 U.S.C. §§ 841(a)(1) and 846 (count 6); controlled substance user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (count 7); maintaining a residence for the purpose of storing, using, manufacturing and distributing marijuana, in violation of 21 U.S.C.

§ 856(a)(2) and 18 U.S.C. § 2 (count 8); and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (count 9). He pled guilty to counts 4, 5, 7, 8 and 9 without a plea agreement; later that same day, he pled guilty pursuant to a written plea agreement to count 1. The court dismissed count 6 by the government at sentencing, as part of the plea agreement.

Following the entry of his guilty pleas, Mr. Bucio filed a series of *pro se* motions with the district court, including a "Motion to be Moved to the Constitutional Side of the Court & Request for Dismissal of Certain Charges," a "Motion to Receive Transcripts," and a "Motion to Continue Sentencing." Mr. Bucio's retained counsel then moved to withdraw from the case, which the district court allowed counsel to do, following a hearing. At that hearing, Mr. Bucio's counsel indicated that Mr. Bucio was unhappy with his services. Mr. Bucio alleged that his counsel had performed poorly and had coerced him into pleading guilty. He then orally moved the court for an order allowing him to withdraw his guilty plea. The court did not rule on Mr. Bucio's various pending motions, but did allow his counsel to withdraw and then set aside time for Mr. Bucio to hire new counsel.

Following that hearing, Mr. Bucio filed a *pro se* "Notice of Negative-Averment of Plea Agreement," in which he argued that his plea was not knowing, voluntary or intelligent, and that he should be released from the obligations of his written plea agreement. The district court then overruled Mr. Bucio's previously

filed motion and his *pro se* Motion to Dismiss Count.  When Mr. Bucio failed to retain new counsel, the district court appointed him an attorney pursuant to the Criminal Justice Act.

Following the appointment of new counsel, the district court denied Mr. Bucio's *pro se* "Motion to Receive Transcripts."  Mr. Bucio's counsel then filed a "Motion for Disclosure of Grand Jury Transcripts" and a "Motion for Order for Production of Hearing Transcripts."  Prior to sentencing, the district court denied those motions.  Following those denials, Mr. Bucio directed his appointed counsel to endorse and file three new handwritten motions prepared by Mr. Bucio, including a "Motion for Reconsideration of Order Denying Transcripts," a "Motion to Dismiss the Criminal Case" and a "Motion to Withdraw Guilty Plea."  The district court denied those motions at the sentencing hearing.

The sentencing hearing took place on July 28, 2009.  The district court heard evidence and argument regarding Mr. Bucio's objections to the amount of methamphetamine attributed to him and the probation department's failure, in the presentence report ("PSR") it prepared for sentencing, to grant Mr. Bucio an additional one point reduction in his offense level for acceptance of responsibility.  After hearing argument and receiving evidence, the district court overruled Mr. Bucio's objections  and determined that his final total offense level under the advisory United States Sentencing Commission, Guidelines Manual

("USSG"), was a 38 which, with a criminal history category of II, yielded an advisory sentencing range of 262 to 327 months. The court sentenced Mr. Bucio to 327 months on Count 1, 60 months on Counts 4, 5 and 9, 120 months on count 7, and 240 months on Count 8, all to run concurrently.

Mr. Bucio timely filed his notice of appeal. On the government's motion to enforce the appeal waiver contained in the written plea agreement, our court entered an order dismissing Mr. Bucio's appeal as to Count 1 only. Mr. Bucio persists in his efforts to appeal his conviction and sentence on the remaining Counts.

**DISCUSSION**

In <u>Anders</u>, the Supreme Court held that if a defendant's counsel "finds [the defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." <u>Anders</u>, 386 U.S. at 744. Counsel must submit to both the court and his client a "brief referring to anything in the record that might arguably support the appeal." <u>Id.</u> The defendant may then "raise any points that he chooses." <u>Id.</u>

The reviewing court must examine all the proceedings to determine whether the appeal is frivolous. <u>Id.</u> "If it so finds it may grant counsel's request to withdraw and dismiss the appeal." <u>Id.</u> "On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) [the reviewing

court] must, prior to decision, afford the indigent [defendant] the assistance of counsel to argue the appeal." Id.

In this case, Mr. Rubio has submitted only a letter to the court, in response to his counsel's Anders brief and motion to withdraw. In his letter he simply "ask[s] the Tenth Circuit to review the record and determine the correctness of counsel's assessment that no meritorious issues exist." Letter dated 4/15/2010. The government has declined to file a brief. Accordingly, we base our conclusions on counsel's brief and our own careful review of the record.

Mr. Bucio urges his counsel to raise the following issues: (1) whether the district court erred in denying Mr. Bucio's motion to withdraw his guilty plea; (2) whether his speedy trial rights were violated; (3) whether he was denied the right to counsel; (4) whether he was improperly denied the right to have access to the grand jury transcripts; and (5) whether his sentence was procedurally and substantively reasonable. We consider whether any of these issues present a nonfrivolous basis for appeal.

## I. Guilty Plea

In order for a guilty plea to be valid, it must be knowing, intelligent and voluntary. See, e.g., United States v. Gigot, 147 F.3d 1193, 1197 (10th Cir. 1998). Furthermore, district courts are generally required, under Fed. R. Crim. P. Rule 11, to specifically ensure that a defendant understands the nature of the

charge against him/her, the maximum possible penalties, including any applicable mandatory minimum sentences, the rights involved in a jury trial, including the right to confront and cross-examine adverse witnesses, and the general means by which a sentence will be calculated under the guidelines.

Mr. Bucio claims that his then-retained counsel coerced him into pleading guilty and forced him into "an adhesion contract (plea bargain) under duress after being threatened to spend from twenty years to the rest of my life in prison by my attorney." "Notice of Negative-Averment of Plea Agreement" at 3, R. Vol. 1 at 222. The record reveals that two separate plea hearings were held regarding Mr. Bucio's guilty pleas; together they encompassed all the counts to which Mr. Bucio pled guilty. Mr. Bucio signed a written detailed plea petition prior to each plea, and the district court entered an order affirming the voluntariness of each plea. We agree with Mr. Bucio's counsel, who states in his <u>Anders</u> brief that "[b]ased upon the record in the case and the lack of any specifics by Mr. Bucio as to how his plea-counsel was to have coerced his guilty pleas, it would be difficult to say that Mr. Bucio's pleas were not knowing and voluntary." Appellant's Br. at 9.

Mr. Bucio also claims that the district court erred in failing to allow him to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(d). "We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion." <u>United States v. Yazzie</u>, 407 F.3d 1139, 1142 (10th Cir. 2005) (en

banc) (quotation omitted). "[U]nless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion." United States v. Siedlik, 231 F.3d 744, 748 (10th Cir. 2000) (quotation omitted).

Rule 11(d)(2)(B) provides that a defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if: . . . the defendant can show a fair and just reason for requesting the withdrawal." We have articulated seven factors for a district court to consider when analyzing a motion to withdraw a guilty plea. Yazzie, 407 F.3d at 1142.[1] Examination of these factors leads to the clear conclusion that the district court did not abuse its discretion in denying Mr. Bucio's request to withdraw his guilty plea. While Mr. Bucio did protest his innocence in his *pro se* "Notice of Negative-Averment of Plea Agreement," both the government and the court would have been inconvenienced if the court granted the motion to withdraw, inasmuch as Mr. Bucio pled guilty on the day the trial was supposed to begin. Furthermore, Mr. Bucio delayed some four months before making his oral motion to withdraw his guilty plea, and he made it only after he saw the draft PSR and realized that a stiff sentence was being contemplated. Finally, as discussed above, we have no

---

[1]The seven factors are "(1) whether the defendant has asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing his motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources." Yazzie, 407 F.3d at 1142 (quotation omitted).

-8-

doubt that Mr. Bucio's guilty plea was knowing and voluntary. We therefore

perceive absolutely no abuse of discretion in the district court's denial of

Mr. Bucio's motion to withdraw his guilty plea.

## II. Speedy Trial

Mr. Bucio also claims his speedy trial rights were violated by a purported

delay in the proceedings against him. We agree with his counsel that this

argument is frivolous. First, he failed to raise this issue before the district court

until very late—after his trial date and guilty plea had been entered, and just a

few days prior to his sentencing. Furthermore, it fails on its merits. "In

determining whether a defendant's Sixth Amendment right to a speedy trial has

been violated, a court must balance four factors: (1) the length of delay; (2) the

reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice

to the defendant." United States v. Toombs, 574 F.3d 1262, 1274 (10th Cir. 2009)

(citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). No single factor is

"necessary or sufficient to conclude a violation has occurred. Instead, the factors

are related and must be considered together along with other relevant

circumstances." Id. Even assuming the one year and one month period of delay

in Mr. Bucio's case is presumptively prejudicial, the remaining factors

demonstrate the frivolousness of this argument. As Mr. Bucio's counsel points

out, Mr. Bucio is the one who sought and obtained virtually all the continuances

in this case. "Delays attributable to the defendant do not weigh in favor of a Sixth Amendment violation." Id. Furthermore, as indicated above, Mr. Bucio only raised this issue, somewhat cursorily, a few days before sentencing, and after he had pled guilty. Finally, given his guilty plea and, with respect to Count 1, his explicit waiver of appellate rights, it is hard to discern what prejudice Mr. Bucio suffered because of any delay. Thus, this issue presents no nonfrivolous basis for an appeal.

### III. Denial of Right to Counsel

The only conceivable claim Mr. Bucio could make as to the denial of counsel would be to argue that his retained counsel moved to and was permitted to withdraw as counsel following Mr. Bucio's guilty plea. The district court instructed Mr. Bucio to obtain new counsel and when he failed to do that, the court appointed counsel. That counsel represented Mr. Bucio through his sentencing. We can perceive no prejudice to Mr. Bucio, or any consequence at all, from this series of events. We again agree with his counsel that "[i]t would be difficult to say that Mr. Bucio was denied counsel and, if he was, that his waiver [of counsel for a brief period] was not knowing, voluntary and intelligent." Appellant's Br. at 15.

**IV. Denial of Right to Grand Jury Transcripts**

Next, Mr. Bucio would like to argue that the district court erred when it failed to grant his motion to disclose the grand jury transcripts related to his case. He made this motion some six months after his guilty plea and he claimed that the transcripts contained "Brady and/or Giglio witness material and/or statements that should have been disclosed to the defense prior to Mr. Bucio's plea in the case. . . ." Mot. at 1, R. Vol. 1 at 243. The district court denied the motion, characterizing Mr. Bucio's request as a "fishing expedition" because he "has not made a strong showing of particularized need that outweighs the public interest in secrecy of grand jury proceedings." Mem. & Order at 2, R. Vol. 2 at 9. Mr. Bucio provides no better explanation on appeal; it is therefore clear that the district court did not abuse its discretion in denying Mr. Bucio access to the grand jury transcripts.

**V. Reasonableness of Sentence**

Finally, Mr. Bucio attempts to challenge the reasonableness of his sentence on two grounds: (1) the district court erred in calculating the amount of methamphetamine attributable to him and failed to reduce his total offense level by one point for timely acceptance of responsibility; and (2) his resulting sentence is unreasonable. This argument, too, fails to clear the frivolousness hurdle.

Following <u>United States v. Booker</u>, 543 U.S. 220 (2005) and the cases

derived therefrom, we review all sentences for reasonableness under a deferential

abuse of discretion standard.  <u>See</u> <u>Rita v. United States</u>, 551 U.S. 338, 351 (2007);

<u>see also</u> <u>United States v. Smart</u>, 518 F.3d 800, 805 (10th Cir. 2008) ("[W]e now

review all sentences—whether inside, just outside, or significantly outside the

Guidelines range—under a deferential abuse-of-discretion standard.").

Reasonableness has two parts:  procedural reasonableness and substantive

reasonableness.  Mr. Bucio appears to challenge both.

"Procedural review requires us to consider whether the district court

committed any 'significant procedural error, such as failing to calculate (or

improperly calculating) the Guidelines range, treating the Guidelines as

mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a

sentence based on clearly erroneous facts, or failing adequately to explain the

chosen sentence.'"  <u>United States v. Bergman</u>, 599 F.3d 1142, 1150 (10th Cir.

2010) (quoting <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007)).  We have more

specifically stated, with respect to Guidelines calculations, the following:

> In determining whether the district court correctly calculated the
> recommended Guidelines range, we review *de novo* the district
> court's legal conclusions pertaining to the Guidelines and review its
> factual findings, including its determination of the quantity of drugs
> for which the defendant is held accountable under the Guidelines, for
> clear error.  Drug quantities employed by the district court to
> calculate the applicable Guidelines range may be said to be clearly
> erroneous only "when the district court's finding was without factual

-12-

> support in the record or we are left with the definite and firm
> conviction that a mistake has been made."

United States v. Todd, 515 F.3d 1128, 1135 (10th Cir. 2008) (quoting United

States v. Dalton, 409 F.3d 1247, 1251 (10th Cir. 2005)) (other citations omitted);

see also United States v. Cardenas-Alatorre, 485 F.3d 1111, 1119 (10th Cir. 2007)

(holding that, for a finding to be clearly erroneous, the "finding must be more

than possible or even probably wrong; the error must be pellucid to any objective

observer") (further quotation omitted).

The district court found that Mr. Bucio was responsible for the distribution

of at least 1.5 kilograms of methamphetamine.  We have carefully read all

testimony relating to methamphetamine transactions involving Mr. Bucio, and

there is ample evidence supporting the drug quantities calculated by the district

court.

Furthermore, Mr. Bucio claims error because the district court failed to

grant him a further one-point reduction for timely acceptance of responsibility

under USSG § 3E1.1(b).  USSG § 3E1.1(b) provides for the reduction upon the

motion of the government when a defendant has pled guilty in a timely manner

"thereby permitting the government to avoid preparing for trial."  Id.  Given that

Mr. Bucio did not plead guilty until the morning trial was to commence and that

the government did not move for the reduction, it is pellucidly clear that

Mr. Bucio is not entitled to the one-point reduction.

Finally, Mr. Bucio appears to challenge the substantive reasonableness of his sentence. "A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) factors." United States v. Haley, 529 F.3d 1308, 1311 (10th Cir.), cert. denied, 129 S. Ct. 428 (2008). "Sentences imposed within the correctly calculated Guidelines range . . . may be presumed reasonable on appeal." Id. Mr. Bucio can rebut that presumption by demonstrating that the 18 U.S.C. § 3553(a) factors justify a lower sentence. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam). After carefully reviewing the record, we can conceive of no basis upon which Mr. Bucio can seriously argue that he has rebutted the presumptively reasonable sentence imposed by the district court.

## CONCLUSION

We agree with Mr. Bucio's counsel that no meritorious basis exists for Mr. Bucio's appeal of either his conviction or his sentence. We therefore GRANT his counsel's motion to withdraw and DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

-14-