ORDER AND JUDGMENT*
PER CURIAM.
Before us is the government’s motion to enforce Pablo Rene Bucio’s plea agreement to waive his right to appeal one count of his conviction and sentence. We grant the motion.
At a plea hearing, Mr. Bucio pleaded guilty without a plea agreement to conspiracy to distribute marijuana (count 4); at *14 tempting to manufacture, and possess with intent to distribute, marijuana (count five); possessing firearms while being a user of a controlled substance (count seven); maintaining a residence for the purpose of drag trafficking (count eight); and possessing marijuana with intent to distribute it (count nine). At the conclusion of the plea hearing, Mr. Bucio entered into a plea agreement under which he also agreed to plead guilty to one count of conspiracy to distribute methamphetamine (count one); in return, the government agreed to dismiss a count for using and possessing a firearm during and in relation to drug trafficking offenses. The plea agreement included an appeal waiver, whereby Mr. Bucio “knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with this prosecution, [his] conviction, or the components of the sentence to be imposed.” Mot. to Enforce, Attach, at A-ll.
Prior to sentencing, Mr. Bucio retained new counsel and moved to withdraw his guilty pleas. He asserted that his prior counsel threatened and coerced him into pleading guilty. He also asserted that his plea was not knowing and voluntary because he had been ignorant of the range of punishment he was facing when he pleaded guilty. The district court denied the motion to withdraw his plea, finding that Mr. Bucio’s stated reasons were not credible, given the thorough plea colloquy. At sentencing, the government presented evidence concerning the sentencing factors. The district court concluded that the advisory sentencing guidelines range was 262 to 327 months, and after consideration of the factors in 18 U.S.C. § 3553(a), sentenced Mr. Bucio to 327 months’ imprisonment on count one, to be served concurrent with 60 months on each of counts four, five and nine; 120 months on count seven; and 240 months on count eight.
Mr. Bucio has appealed. According to his docketing statement, he seeks to appeal the denial of his motion to withdraw his plea; denial of his speedy trial rights; denial of his right to counsel; denial of grand jury transcripts; and the reasonableness of his sentence.
Validity of Appeal Waivers. Pursuant to United States v. Hahn, 359 F.3d 1315 (10th Cir.2004) (en banc) (per curiam), the United States has moved to enforce the appeal waiver in his plea agreement as it pertains to count one. Under Hahn, we consider: “(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.” Id. at 1325. A miscarriage of justice occurs when (1) the district court relies on an impermissible factor such as race; (2) ineffective assistance of counsel in connection with the negotiation of the waiver renders it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful, i.e., the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 1327. Mr. Bucio concedes that his appeal falls within the scope of his appeal waiver. Resp. at 2.
Knowing and Voluntary. Mr. Bucio contends that his appeal waiver was not knowing and voluntary because he was abandoned and coerced by his trial counsel into pleading guilty, including agreeing to an appellate waiver. Id. at 2-3. It is Mr. Bucio’s burden to demonstrate that the waiver was not knowing and voluntary. Hahn, 359 F.3d at 1329.
We look primarily to the plea agreement and the plea colloquy to assess the voluntariness of the waiver. See id. at 1325. In his plea agreement, Mr. Bucio stated that he was knowingly and voluntarily agreeing *15 to waive his right to appeal any matter in connection with his prosecution, conviction and sentence. Mot. to Enforce, Attach, at A-ll. At his plea colloquy, the district court asked him if he understood he had to answer several questions so the court could decide if his plea was knowing and voluntary and if he understood that he was answering these questions under oath, subject to perjury if he answered falsely. Id. at A-15 to 16. Mr. Bucio answered yes to both questions. Id. Mr. Bucio testified that he had discussed his plea with his counsel, including the rights he was waiving and the consequences of a guilty plea, and that he was satisfied with his counsel’s representation in this regard. Id. at A-17 to 18. He testified that he understood he was giving up the right to a speedy public trial and related rights. Id. at A-24 to 27. He testified he understood he would be sentenced to not less than ten years and up to life in prison. Id. at A-19 to 20; A-28. He testified he understood how the sentencing guidelines might apply to his case, and that he might receive the same sentence whether he pleaded guilty or went to trial. Id. at A-27 to 29. Mr. Bucio also testified that he understood he was waiving his appeal rights, A-33, including his right to challenge any of the decisions the court had made in regard to his prosecution, conviction and sentence, unless the sentence imposed exceeded the statutory maximum, id. at A-33 to 35. Mr. Bucio testified that no one had forced or threatened him to get him to accept the plea, and that he was making it freely and voluntarily and only because he was guilty as charged. Id. at A-38 to 39; A-42. Thus, we conclude that both Mr. Bucio’s plea agreement and his plea colloquy demonstrate that he was informed of the appeal waiver and that he knowingly and voluntarily accepted it.
It appears that Mr. Bucio is implicitly arguing that he received ineffective assistance of counsel in connection with the negotiation of the waiver. If true, this argument would satisfy the requirements for establishing a miscarriage of justice. See Hahn, 359 F.3d at 1327. But we do not address such an argument at this time because ineffective-assistance claims generally should be raised in a collateral proceeding rather than on direct appeal. See United States v. Porter, 405 F.3d 1136, 1144 (10th Cir.2005). “This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel.” Id.
Miscarriage of Justice. Mr. Bucio also contends that it would be a miscarriage of justice to enforce the appeal waiver as to count one because any appellate relief he might receive as to counts four, five, seven, eight, and nine would have no practical effect on his sentence, given that his 327-month sentence on count one runs concurrent to the other sentences. This argument, however, does not demonstrate that any of the four miscarriage-of-justiee factors, listed above, are present. The district court did not rely on an impermissible factor such as race; the sentence did not exceed the statutory maximum; and the waiver is not otherwise unlawful. See Hahn, 359 F.3d at 1327. As to this “otherwise unlawful,” factor, we do not look to “whether another aspect of the proceeding may have involved legal error,” but look only “to whether the ivaiver [itself] is otherwise unlawful.” United States v. Shockey, 538 F.3d 1355, 1357 (10th Cir.2008) (emphasis in original, quotation omitted). As noted, if Mr. Bucio wishes to assert that he received ineffective assistance of counsel in connection with the negotiation of the waiver, he may do so in a collateral motion. The four miscarriage-of-justice factors are exclusive and an appellate waiver will not result in a miscarriage of justice unless one of these four situations *16 occurs. Id. Accordingly, we conclude that it would not be a miscarriage of justice to enforce the appeal waiver as to count one.
The motion to enforce the appeal waiver is GRANTED, and this appeal is DISMISSED as to count one.

 This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.