FILED
United States Court of Appeals
Tenth Circuit

February 29, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

PABLO RENE BUCIO,

        Defendant - Appellant.

No. 12-3031
(D.C. No. 2:11-CV-02071-KHV)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges

Pablo Bucio, a federal prisoner, seeks to appeal from the district court's denial of

his 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. The motion

claimed ineffective assistance of counsel with respect to both of his trial attorneys. We

deny his request for a Certificate of Appealability (COA).

Bucio was charged with numerous drug-related offenses. He pled guilty to some

without a plea agreement and pled guilty to others pursuant to a plea agreement. He

was sentenced to a total of 327 months of incarceration. On direct appeal, the claims

pertaining to the counts covered by the plea agreement were dismissed because of an

appeal waiver in the agreement. *See United States v. Bucio*, 358 F.App'x 13 (10th Cir.

2009). The remaining claims were dismissed as dictated by *Anders v. California*, 386

U.S. 738 (1967). *See United States v. Bucio*, 377 F.App'x 782 (10th Cir. 2010).

Bucio wants to appeal because, in considering his § 2255 motion, the district court did not hold a hearing. That was error, according to him, because his sworn declaration, submitted to the district court and attached to his opening brief, states that he would not have pled guilty but for false representations by his first attorney.

Bucio claims, because his declaration must be taken as true, the matter could not be resolved without a hearing. Indeed, section 2255(b) provides: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . ." But whether a defendant would have gone to trial is not a subjective inquiry. The court must determine whether the decision to reject the plea bargain would have been "rational under the circumstances." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010).

Review of a § 2255 habeas action involves two steps: (1) "whether the defendant is entitled to relief if his allegations are proved; and (2) whether the district court abused its discretion." *United States v. Whalen*, 976 F.2d 1346, 1348 (10th Cir. 1992). Bucio has never made a principled argument that his decision to reject a plea would be rational under the circumstances of this case. And, in a detailed order the district court explained its decision to deny his motion. It accepted as true his factual assertions not clearly refuted by the record, but concluded (in spite of his conclusory statements) no rational person would have refused the plea bargain given the overwhelming evidence of guilt. Moreover, it explained precisely how the record refuted his claims of prejudice resulting from attorney errors. *Strickland v. Washington*, 466 U.S. 668, 691 (2000)

- 2 -

("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.")

A COA may issue only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   The standard is whether a reasonable jurist could "debate whether (or, for that matter, agree that) the petition should have been resolved in different manner or that the issues presented were adequate to deserve encouragement to proceed further."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted); *see also, Miller El v. Cockrell*, 537 U.S. 322, 326 (2003).   Neither standard was met here.   Reasonable jurists would agree; the district court did not abuse its discretion.

We **DENY** the request for a COA and **DISMISS** this matter.

**Entered for the Court:**

Terrence L. O'Brien
Circuit Judge